Galanos et al. v. City of Cleveland, Appellee; Ohio Department of Human Services, Appellant.

[Cite as Galanos v. Cleveland (1994),     Ohio St.3d    .]

Municipal corporations -- Torts -- Limitations on damages -- R.C. 2744.05 precludes Department of Human Services from exercising its right to subrogation under R.C. 5101.58.

(No. 93-1081 -- Submitted May 16, 1994 -- Decided September 14, 1994.)

Appeal from the Court of Appeals for Cuyahoga County, No. 63506.

The facts of the instant action are not in dispute and were submitted to the court of appeals pursuant to App.R. 9(D).

Plaintiff, Carol Galanos, as the parent and natural guardian of Sophia Kiriakoudis, instituted this negligence action against defendant-appellee, city of Cleveland, for injuries received by Sophia at the Cleveland Convention Center. Ultimately, a jury found Cleveland to be negligent and its negligence to be the proximate cause of Sophia's injuries. The jury awarded $25,500 in damages, and an additional $7,258.38 in medical bills against Cleveland. The medical bills had been paid by defendant-appellant, Ohio Department of Human Services, pursuant to the Medicaid program.

After disclosure of the medical payments was made by Galanos, Cleveland moved for a collateral source deduction of $7,258.38 pursuant to R.C. 2744.05(B). Thereafter, the Department of Human Services was named as a party and leave was granted for plaintiff to file a declaratory judgment action. The department argued that rights granted by R.C. 2744.05(B) are subservient to the department's rights of subrogation under R.C. 5101.58.

The trial court granted summary judgment for Cleveland and the court of appeals affirmed.

This matter is before the court upon the allowance of a motion to certify the record.

Sharon Sobol-Jordan, Director of Law, and Malcolm C. Douglas, Assistant Director of Law, for appellee.

Lee I. Fisher, Attorney General, and Robert J. Byrne, Assistant Attorney General, for appellant.

Moyer, C.J.    By this appeal we are asked to decide whether R.C. 2744.05, granting a right of setoff for collateral benefits to political subdivisions, precludes the Department of Human Services from exercising its right of subrogation under R.C. 5101.58.

R.C. 2744.05 provides in part:

"Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function:

"***

"(B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political

subdivision recovered by that claimant.  No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits. ***"

The department's right of subrogation arises from R.C. 5101.58, which in relevant part states: "The acceptance of aid *** gives a right of subrogation to the department of human services and the department of human services of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. ***"

The department argues that its statutory right of subrogation prevails over Cleveland's right of setoff and, therefore, payment should be made by Cleveland to the department to the extent that the department made medical payments to Galanos.  The department seizes on the second sentence of R.C. 2744.05(B), arguing that it is not an "insurer" or "other person" and therefore cannot be bound by the antisubrogation provisions of the statute.  This argument ignores the meaning and purpose of R.C. 2744.05.

The purpose of R.C. 2744.05(B) is to permit recovery by injured persons for torts committed by political subdivisions while at the same time conserving the fiscal resources of those political entities.  Menafee v. Queen City Metro (1990), 49 Ohio St.3d 27, 550 N.E.2d 181.  The statute expressly states that its provisions apply "[n]otwithstanding any other provisions of the Revised Code ***."  In circumstances such as this, the financial burden must ultimately fall on either the state or a political subdivision of the state.  The purpose and language of R.C. 2744.05 evidences a legislative intent to place that burden on the state and not the city.

We are further unpersuaded by the department's narrow interpretation of the phrase "or other person."  The department maintains that it is not an insurer or other person and, therefore, R.C. 2744.05 does not apply to it.  The word "person" must be read in light of the language and purpose of the statute.  As a general rule of construction, "person" is defined in its broad sense and is not confined to a living being.  R.C. 1.59.  Including the department in the definition of "person" is consistent with the language used in the first sentence of R.C. 2744.05(B), which speaks in terms of compensation from insurance "or any other source."  Any other source would clearly include Medicaid.  Therefore, to hold that the department is not included as a person would render the statute internally inconsistent.

Furthermore, we are persuaded that Medicaid benefits are the type of collateral source benefits contemplated by R.C. 2744.05(B).  In Vogel v. Wells (1991), 57 Ohio St.3d 91, 566 N.E.2d 154, we held that funds received from the Social Security Administration are benefits under R.C. 2744.05(B).  We defined "benefits" to include "'[f]inancial assistance received in time of sickness, disability, unemployment, etc. either from insurance or public programs such as social security.'"  Id. at 98, quoting Black's Law Dictionary (6 Ed. 1990) 158.  Medicaid is a benefit received as part of a public program, and is, therefore, subject to the antisubrogation provisions of R.C. 2744.05.

Since R.C. 2744.05(B) is applicable to this action, Galanos has no right to receive that portion of her judgment associated with the collateral source payments. Consequently, under the general principle that a subrogee cannot succeed to a right not possessed by its subrogor, the department has no right to which it may be subrogated. Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, 537 N.E.2d 624.

For the foregoing reasons, we affirm the judgment of the court of appeals.

                          Judgment affirmed.


A.W. Sweeney, Wright, Resnick and F.E. Sweeney, JJ., concur.

Douglas, J., concurs in judgment only.

Pfeifer, J., dissents.