**OHIO DEPARTMENT OF HUMAN SERVICES, Appellant,**

**v.**

**CRESPO, Appellee.**

[Cite as *Ohio Dept. of Human Serv. v. Crespo* (1995), 99 Ohio App.3d 709.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66765.

Decided Jan. 9, 1995.

710

*Betty D. Montgomery,* Attorney General, and *Robert J. Bryne,* Assistant Attorney General, Revenue Recovery Section, for appellant.

*Sindell, Lowe & Guidubaldi, David J. Guidubaldi* and *Lynn E. Lebit,* for appellee.

———————

NAHRA, Chief Justice.

Appellant, Ohio Department of Human Services ("ODHS") is appealing the trial court's dismissal of its complaint for failure to state a claim upon which relief could be granted. See Civ.R. 12(B)(6). For the following reasons, we affirm.

Migdalia Crespo was injured, allegedly because of medical malpractice. The Ohio Department of Human Services paid $735,203.69 for her medical care. Efrain Crespo, the guardian and husband of Migdalia Crespo, sued Grace Hospital, Dr. Vidu, and others, the alleged tortfeasors. Efrain Crespo settled with the alleged tortfeasors for one million dollars. ODHS had intervened in this lawsuit and was later dismissed. Subsequently, ODHS filed the subject lawsuit against Efrain Crespo to recover the medical assistance payments from the settlement proceeds.

Appellant's sole assignment of error states:

"The court erred in dismissing the department's claim because R.C. 5101.58 permits the department to recover from the recipient out of proceeds that exclude the medicals."

R.C. 5101.58 gives a right of subrogation to ODHS against the liability of a third party for the cost of medical services arising out of injury of the recipient. ODHS does not have this right of subrogation for a malpractice claim against a physician or hospital, however. *Isbell v. Kaiser Found. Health Plan* (1993), 85 Ohio App.3d 313, 619 N.E.2d 1055; see R.C. 2305.27. Also, ODHS has no right of subrogation against a tortfeasor that is a political subdivision, and one of the tortfeasors here is alleged to be a political subdivision. *Galanos v. Cleveland* (1994), 70 Ohio St.3d 220, 638 N.E.2d 530. Appellant asserts that although it cannot recover against the alleged tortfeasors, R.C. 5101.58 provides for recovery against the recipient. See *Ohio Dept. of Human Serv. v. Huff* (Oct. 2, 1990), Franklin C.P. No. 90CVH04–2912, unreported.

We believe the holding in *ODHS v. Huff* was incorrect. R.C. 5101.58 provides "a right of subrogation * * * against the liability of a third party." The only right of recovery created by R.C. 5101.58 is a right of subrogation and no separate rights against the recipient are created. In this case, the ODHS does not have a right to subrogation because R.C. 2305.27 prevails, which states, "[A]

collateral source of indemnity shall not be subrogated to the claimant against a physician, podiatrist or hospital." *Isbell, supra; see Galanos, supra.*

Appellant cites *Holaday v. Bethesda Hosp.* (1986), 29 Ohio App.3d 347, 29 OBR 475, 505 N.E.2d 1003 for the proposition that the recipient has to repay the ODHS, despite the fact that the recipient and the ODHS cannot recover Medicaid benefits from a tortfeasor. The *Holaday* case refers to the recipient's obligation to repay benefits under R.C. 5111.33, which is now R.C. 5111.11. This statute does not allow for recovery in the fact situation at hand.

R.C. 5111.11 provides that the ODHS can institute a program to recover against the property and estates of medical assistance recipients to the extent permitted by federal law. Federal law provides for such recovery only (1) if there is a lien on the recipient's real estate for the medical assistance and certain other conditions are met, or (2) if the recipient was sixty-five or older (fifty-five or older, effective August 1, 1993), when the assistance was received, recovery can be had from the recipient's estate. Section 1396p(b)(1), Title 42, U.S.Code. Furthermore, recovery can only be had after the death of the recipient's surviving spouse, provided he has no surviving child who is under twenty-one years old, blind, or permanently and totally disabled. Section 1396p(b)(2), Title 42, U.S.Code. As the recipient here was not deceased and had a spouse, ODHS was not entitled to recovery from the recipient under federal law or under R.C. 5111.11.

Appellant was not entitled to recover on the basis of R.C. 5101.58 or 5111.11. Appellant can provide no set of facts consistent with its complaint that would allow appellant to recover. Dismissal of the complaint pursuant to Civ.R. 12(B)(6) was proper. *Greeley v. Miami Valley Contr. Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981.

Accordingly, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY and PORTER, JJ., concur.