McCASLIN, Grdn., Appellee,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellant.

[Cite as *McCaslin v. Ohio Dept. of Human Serv.* (1995), 104 Ohio App.3d 495.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APF12–1759.

Decided June 6, 1995.

*Plymale & Associates* and *Simina Vourlis,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, for appellant State of Ohio Department of Human Services.

DESHLER, Judge.

Appellant, Ohio Department of Human Services ("ODHS"), appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, in favor of appellee William McCaslin, guardian of the person and estate of Eric McCaslin.

Eric McCaslin sustained severe head injuries as a result of a motor vehicle collision with a vehicle driven by Joanne Mannarelli, an employee of the Franklin County Board of Education. Appellant's brief concedes that, for purposes of this appeal, it can be assumed that Mannarelli was acting within the scope of her employment at the time of the accident.

Appellee filed suit against Mannarelli and the Franklin County Board of Education. ODHS was eventually joined as a party because of its potential right of subrogation to recover $141,286.35 paid for medical expenses on behalf of Eric McCaslin.

Appellee accepted the policy limits of Mannarelli's personal liability policy with Safeco Insurance Company ($300,000 less minor amounts paid to others involved in the same collision) in exchange for a covenant not to sue. ODHS then offered to accept payment of $90,000 as full and final settlement of any subrogation interest it might have. Appellee paid this amount to ODHS and then filed this declaratory action in the Franklin County Probate Court seeking a determination of whether ODHS's right of subrogation under R.C. 5101.58 was negated because of Mannarelli's personal immunity as an employee of a political subdivision under R.C. 2744.01 *et seq.*

The matter was heard by a referee, who issued a report recommending that ODHS be found to have no interest in or right to the insurance settlement received by appellee, or any right to recover from Mannarelli. The trial court overruled appellant's objections and adopted the referee's report as its own by judgment entry filed November 29, 1994.

Appellant has timely appealed and brings the following assignment of error:

"The court erred in granting judgment in favor of the guardian William McCaslin because the tortfeasor's immunity pursuant to O.R.C. § 2744.03 is irrelevant to determination of the subrogation rights of the Ohio Department of Human Services from funds paid by the tortfeasor's individually obtained personal liability automobile insurance."

The issue in this case is whether ODHS maintains a right of subrogation against funds received by a medicaid recipient from a settlement paid by a tortfeasor's personal liability insurer, despite the tortfeasor's personal immunity under R.C. 2744.03(A)(6). Appellant, as stated above, does not appear to contest in this appeal that the tortfeasor, Mannarelli, benefits from immunity as an employee of a political subdivision:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

" * * *

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6).

We must determine whether this immunity defeats the right of subrogation generally granted to ODHS under R.C. 5101.58:

"The acceptance of aid pursuant to Chapter 5107., 5111., 5113., or 5115. of the Revised Code gives a right of subrogation to the department of human services and the department of human services of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. When an action or claim is brought against a third party by a recipient of aid under Chapter 5107., 5111., 5113., or 5115. of the Revised Code, the entire amount of any settlement or compromise of the action or claim, or any court award or judgment, is subject to the subrogation right of the department of human services or the department of human services of any

county.  * * * Any settlement, compromise, judgment, or award that excludes the cost of medical services or care shall not preclude the departments from enforcing their rights under this section."

Initially, we note that the case of *Galanos v. Cleveland* (1994), 70 Ohio St.3d 220, 638 N.E.2d 530, relied upon by appellee, does not provide useful guidance in this case. *Galanos* concerned a conflict between ODHS's right of subrogation and the antisubrogation provisions of R.C. 2744.05, which provides that a political subdivision liable for damages to an injured party may reduce the amount of liability by the amount of any collateral benefits received by the injured party. The plaintiff in *Galanos* received a judgment against the city of Cleveland for injuries totalling $25,500, and an additional $7,258 in medical bills. The medical bills had been paid under medicaid by ODHS. Because the medical bills had been paid, the city of Cleveland moved for a collateral source deduction of $7,258. ODHS argued without success that Cleveland's right of collateral source setoff was subservient to ODHS's right of subrogation to recover the amount of medical payment from the injured party. While the Supreme Court in *Galanos* did indeed hold, as appellee points out, that ODHS's right of subrogation is subordinate to the right to set off collateral benefits under R.C. 2744.05, a critical difference in facts must be noted in that the plaintiff in *Galanos* never received the amounts against which ODHS sought subrogation because the damages award was reduced by the amount of the collateral source setoff. In the case before us, there is no setoff corresponding to the amount which ODHS seeks to recover, and appellee has received the full amount of the settlement.

Nonetheless, a fair reading of the subrogation statute leads us to conclude that ODHS's right of subrogation is defeated by the immunity of the tortfeasor in the case before us. The initial sentence of R.C. 5101.58 gives a right of subrogation against "the *liability* of a third party for the cost of medical services and care." (Emphasis added.)  Especially in a case such as this one, in which ODHS is not asserting that immunity is inapplicable to the tortfeasor, subrogation appears conditioned upon the liability of the tortfeasor. While the second sentence of R.C. 5101.58 goes on to state that "the entire amount of any settlement or compromise of the action or claim, or any court award or judgment, is subject to the subrogation right of the department of human services," this must be read in light of the prerequisite of liability established earlier in the statute. We, therefore, find that ODHS's right of subrogation is not enforceable in the case before us. We do, however, point out that this holding is limited to the facts of the case before us, which admittedly present great peculiarity in that the tortfeasor's insurer for reasons known to itself apparently discounted the immunity issue and offered full policy limits in settlement. Nonetheless, adhering to the well-established rule that "a subrogee cannot succeed to a right not possessed by

its subrogor," *Galanos, supra,* 70 Ohio St.3d at 222, 638 N.E.2d at 532, citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624, ODHS cannot claim subrogation against a tortfeasor who, because of governmental immunity, is not liable to the subrogor.

In accordance with the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division is affirmed.

*Judgment affirmed.*

PETREE and TYACK, JJ., concur.