[Cite as *Jones v. Xenia*, 2011-Ohio-5545.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

MARGARET H. JONES                    :

    Plaintiff-Appellee               :          C.A. CASE NO. 2011 CA 27

v.                                   :          T.C. NO.    10CV1029

CITY OF XENIA, et al.                :          (Civil appeal from
                                                  Common Pleas Court)

    Defendant-Appellant              :

                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    28th   day of   October  , 2011.

. . . . . . . . . .

TIMOTHY S. CHAPPARS, Atty. Reg. No. 0007122, P. O. Box 280, Xenia, Ohio 45385
    Attorney for Margaret H. Jones

ANDREW D. BOWERS, Atty. Reg. No. 0071486, 612 North Park Street, Suite 200,
Columbus, Ohio 43215
    Attorney for Ohio Bureau of Workers' Compensation

LYNNETTE DINKLER, Atty. Reg. No. 0065455 and JAMEY T. PREGON, Atty. Reg. No.
0075262, 2625 Commons Blvd., Suite A, Dayton, Ohio 45431
    Attorneys for City of Xenia

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant City of Xenia (hereinafter "Xenia") appeals a decision of

the Greene County Court of Common Pleas denying its motion to dismiss plaintiff-appellee Ohio Bureau of Workers' Compensation's (hereinafter "the BWC") complaint filed against Xenia for a subrogation interest regarding a negligence action originally filed by plaintiff-appellee Margaret H. Jones against Xenia. Xenia filed a timely notice of appeal with this Court on April 15, 2011.

I

{¶ 2} The instant appeal arises out of a negligence action against Xenia initiated by Jones after she allegedly tripped and fell in a parking lot owned by the city. In her original complaint, Jones named both Xenia and the BWC as defendants. On October 19, 2010, the BWC filed a motion requesting that the trial court realign it as a plaintiff in Jones' lawsuit against Xenia. The trial court granted the BWC's motion for realignment one day later, on October 20, 2010. On October 21, 2010, the BWC filed its complaint against Xenia for subrogation, pursuant to R.C. 4123.931. Specifically, the BWC sought a subrogation interest regarding reimbursement for medical expenses it paid to or on behalf of plaintiff-appellee Margaret H. Jones for injuries she received as a result of the alleged negligence of Xenia in maintaining the parking lot.

{¶ 3} On November 5, 2010, Xenia filed a motion to dismiss the BWC's complaint pursuant to Civ. R. 12(B)(6), in which it argued that R.C. 2744.05(B) bars subrogation actions against political subdivisions. The BWC filed its response to Xenia's motion to dismiss on December 2, 2010. On December 13, 2010, Xenia filed a motion to strike the BWC's response, or in the alternative, a reply in support of its motion to dismiss. The trial court denied Xenia's motion to dismiss and its motion to strike in a written decision filed on

March 22, 2010.

{¶ 4}   It is from this judgment that Xenia now appeals.

II

{¶ 5}   Because they are interrelated, Xenia's first and second assignments of error will be discussed together as follows:

{¶ 6}   "THE TRIAL COURT ERRED IN CONCLUDING THAT O.R.C. 4123.931 AND O.R.C. 2744.05 ARE RECONCILABLE AND NOT IN CONFLICT."

{¶ 7}   "THE TRIAL COURT ERRED IN NOT GIVING O.R.C. 2744.05 EFFECT PURSUANT TO O.R.C. 1.52."

{¶ 8}   In its first assignment, Xenia contends that the trial court erred when it found that R.C. 4123.931 was not in conflict with R.C. 2744.05.   In its second assignment, Xenia argues that the trial court failed to give effect to R.C. 2744.05 in conjunction with R.C. 1.52. Specifically, Xenia asserts that since the current version of R.C. 2744.05 was enacted more recently than the current version of R.C. 4123.931, the language in R.C. 2744.05 prevails, thus barring any subrogation action against a political subdivision.   We note that the BWC did not file a brief.   Jones filed an appellee's brief, but her argument does not address any of the issues involved in the instant appeal.

{¶ 9}   "The standard of review on a Civ.R. 12(B)(6) motion to dismiss, which raises questions of law, is de novo.   (Citation omitted)."   *Stanfield v. Amvets Post No. 88*, Miami App. No. 06CA35, 2007-Ohio-1896, ¶ 9.   "The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted is to test the legal sufficiency of a statement of a claim for relief. (Citation omitted).   In determining whether

or not to grant a motion to dismiss pursuant to Civ.R. 12(B)(6), the court may not rely on evidence outside the complaint. (Citation omitted). * * *

{¶ 10} "'In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' (Citation omitted). 'A court must construe all material allegations in the complaint and all inferences that may be reasonably drawn therefrom in favor of the nonmoving party.' (Citation omitted).

{¶ 11} "When determining whether an action should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted, 'a trial court must examine the complaint to determine if all the allegations provide for relief on any possible theory.'" (Citation omitted). *Stutes v. Harris*, Greene App. No. 21753, 2007-Ohio-5163, ¶ 10-13.

{¶ 12} R.C. 2744.05(A) and (B) state in pertinent part:

{¶ 13} "Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function:

{¶ 14} "(A) Punitive or exemplary damages shall not be awarded.

{¶ 15} "(B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of benefits shall be deducted from any award

against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to those benefits."

{¶ 16} The Ohio Supreme Court has noted that this statute serves two purposes: 1) to conserve the fiscal resources of political subdivisions by limiting their tort liability; and 2) to permit injured persons who have no source of reimbursement for their damages to recover for a tort committed by a political subdivision. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29. Additionally, the "purpose and language of R.C. 2744.05 evinces a legislative intent to place that [financial] burden on the [insurer] and not the city." *Galanos v. Cleveland* (1994), 70 Ohio St.3d 220, 221.

{¶ 17} As we stated in *Cincinnati Ins. Co. v. City of Dayton* (July 26, 1995), Montgomery App. No. 15108:

{¶ 18} "R.C. 2744.05 appears to most directly address the situation where the plaintiff alleges he or she has been injured by the actionable act or omission of a political subdivision and has received benefits from his or her own insurer. The statute provides that, as to the plaintiff-insured, these insurance benefits are to be deducted from any award against the political subdivision. As to the insurer, the statute bars the subrogated claim of the plaintiff-insured against the political subdivision."

{¶ 19} R.C. 4123.931(I) states in pertinent part:

{¶ 20} "(I) The statutory subrogation right of recovery applies to, but is not limited to, all of the following:

{¶ 21} "***

{¶ 22} "(2) *Amounts that a claimant would be entitled to recover from a political subdivision, notwithstanding any limitations contained in Chapter 2744 of the Revised Code. \*\*\**" (Emphasis added).

{¶ 23} The primary goal in statutory interpretation is to give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.*, 88 Ohio St.3d 376, 377, 2000-Ohio-351. Intent is understood by studying the plain language of the statute. *In re Adoption of Coppersmith*, 145 Ohio App.3d 141, 147, 2001-Ohio-1484. Words should be given their ordinary meaning. Id. If the language of the statute in question is clear and definite, we must apply the statute as it is written. *Id*. citing *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 2001-Ohio-236.

{¶ 24} Upon careful review of the statutes in question, we conclude that the Ohio legislature clearly intended to carve out an exception to R.C. 2744.05's mandate regarding a political subdivision's immunity to subrogation actions by insurers when it enacted R.C. 4123.931. While R.C. 2744.05 controls in cases involving subrogation against political subdivisions in relation to all insurers, the plain language of R.C. 4123.931 mandates a specific exception with respect to a subrogation claim brought by the BWC against a political subdivision.

{¶ 25} Although the Tenth District Court of Appeals ultimately affirmed the trial court's decision granting a political subdivision's motion to dismiss against the BWC in *Russell v. Scott* (December 15, 1998), Franklin App. No. 98AP-625, the court stated in dicta as follows:

{¶ 26} "Given R.C. [former] 4123.93(C)(3)'s enactment subsequent to *Galanos* and

to the relevant provision of R.C. Chapter 2744, coupled with the specificity of of its provisions negating the effect of R.C. Chapter 2744, *the legislature arguably intended it to supersede the provisions of R.C. 2744.05 and the* [Ohio] *Supreme Court's decision in Galanos, both of which would have prohibited the subrogation against a political subdivision that* [former] *R.C. 4123.93 contemplates*."[1]   (Emphasis added).

{¶ 27} Xenia also asserts that R.C. 2744.05(B) and R.C. 4123.931(I) are irreconcilable with one another.   Accordingly, Xenia argues that R.C. 1.52 should be given effect in this situation.   R.C. 1.52 states as follows:

{¶ 28} "(A) If statutes enacted at the same time or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails."

{¶ 29} In our view, the language in R.C. 4123.931 was clearly intended by the Ohio legislature to supersede R.C. 2744.05(B) regarding the ability of the BWC to bring an action against a political subdivision for subrogation.   In light of our interpretation, we find that R.C. 2744.05(B) and R.C. 4123.931(I) are not irreconcilable, thus, R.C. 1.52 has no application in the instant case.   R.C. 4123.931(I) constitutes an exception to the general rule in R.C. 2744.05(B) regarding a political subdivision's immunity to subrogation actions by insurers.

{¶ 30} We also note that R.C. 2744.05 was enacted on November 20, 1985.   The statute has been amended seven times, with the most recent amendment taking effect on

---

[1] On April 9, 2003, the Ohio legislature in S.B. 227 repealed the language in former R.C. 4123.93(C)(3), and inserted it in R.C. 4123.931(I), regarding the BWC's subrogation rights against political subdivisions.   R.C. 4123.93 was re-designated as the definitional section for R.C. 4123.931.

October 16, 2009.  R.C 4123.931 was enacted on September 29, 1995.  The sole amendment to R.C. 4123.931 took effect on April 9, 2003.  While R.C. 2744.05 has been amended most often and most recently, none of the amendments have addressed or inserted any language regarding its coverage, or lack thereof, in BWC subrogation actions against political subdivisions.  R.C. 1.54 states as follows:

{¶ 31} "Continuation of prior statute

{¶ 32} "A statute which is reenacted or amended is intended to be a continuation of the prior statute and is not a new enactment, so far as it is the same as the prior statute."

{¶ 33} Through its language stating "notwithstanding any limitations contained in Chapter 2744 of the Revised Code," R.C. 4123.931 carved out a specific exception to R.C. 2744.05(B)'s general rule granting political subdivisions immunity to subrogation actions initiated by insurers.  Accordingly, the trial court did not err when it overruled Xenia's motion to dismiss the BWC's complaint.

{¶ 34} Xenia's first and second assignments of error are overruled.

III

{¶ 35} All of Xenia's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J., concurs.

HALL, J., concurring:

{¶ 36} I agree with the analysis in the lead opinion but write separately to indicate what we do not decide. If the City of Xenia is found to be immune from the claims of the

Plaintiff, Jones, or the plaintiff's claim fails on some other ground, then the subrogation claim also fails because it is derivative of the plaintiff's injury claim. Our decision only deals with the juxtaposition of R.C. 2744.05 and 4123.931, and not with governmental immunity of the plaintiff's claim.

. . . . . . . . . .

Copies mailed to:

Timothy S. Chappars
Andrew D. Bowers
Lynnette Dinkler
Jamey T. Pregon
Hon. Stephen A. Wolaver