**John Hancock Mutual
Life Insurance Co. v. Bird**
*[Cite as 6 AOA 47]*

*Case No. 15-89-4*
*Van Wert County, (3rd)*
*Decided August 24, 1990*

*Robert K. Leonard, Attorney at Law, Leonard & Leonard, 504 Colonial Building, P.O. Box 58, Lima, Ohio 45802-1020, for Appellants.*

*Martin D. Burchfield, Donald J. Johnson, Attorneys at Law, Johnson & Burchfield, 113 N. Washington Street, Van Wert, Ohio 45891, for Appellees, Mildred E. and John Bird.*

*Stephen F. Korhn, Attorney at Law, 203-213 First Federal Savings Bldg., P.O. Box 787, Defiance, Ohio 43512-6055, for Appellee, Wanda J. Ross.*

BRYANT, J.

This is an appeal from a judgment of the Court of Common Pleas of Van Wert County granting summary judgment in favor of Defendant-Appellees, Mildred E. Bird, John W. Bird and Wanda J. Ross.

The present appeal arose from a previous action involving an automobile accident in which Wanda Ross, the driver, and her passengers including Mildred Bird were injured. State Farm

Automobile Insurance Company, Ross' insurer, anticipating multiple claims and recovery potentially in excess of Ross' policy limits, filed a complaint in interpleader naming as defendants, among others having claims against Ross, Mildred E. Bird, John W. Bird, her husband, and their insurance company John Hancock Mutual Life Insurance Company. State Farm, as plaintiff, paid into the court a fund equal in amount to all insurance coverage proceeds available from Ross' policy to pay claims against her, and asked in its complaint that the court "require each Defendant to set forth his claim to said fund and that this court determine which of the Defendants is entitled to the fund or a share thereof." Subsequently, the trial court released the funds deposited by State Farm to the three passengers injured in Wanda Ross' automobile. The Birds received $50,000.00 as their share of the fund.

After agreeing to a release of the funds on Dec. 8, 1986, John Hancock filed a motion to re-deposit the funds on March 30, 1987 claiming that the respective interests of Mildred Bird, John Bird and John Hancock were yet to be adjudicated. On May 26, 1987, the trial court denied John Hancock's motion to re-deposit and this court affirmed that decision on appeal, August 24, 1988.

John Hancock and John Bird's employer, Teleflex, Inc., on August 20, 1987, filed a complaint against Mildred E. Bird, John W. Bird and Wanda J. Ross claiming a right of subrogation to the Bird's recovery from Ross. The basis for John Hancock's claim arises from a reimbursement clause in the Bird's group health insurance plan provided by John Birds's employer, Teleflex, Inc., and the right of reimbursement agreement signed by the Birds. The Defendants-Appellees filed motions for summary judgment which the trial court granted on January 29, 1989 finding that the Appellees were entitled to judgment as a matter of law under the doctrine of *res judicata*. It is from this judgment John Hancock and Teleflex, Inc. now appeal asserting the following two assignments of error:

### ASSIGNMENT OF ERROR NO. 1
"THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF *RES JUDICATA* TO CLAIMS THAT WERE NOT ADJUDICATED.

### ASSIGNMENT OF ERROR NO. 2
"THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF *RES JUDICATA* TO GAINS THAT 'COULD' HAVE BEEN LITIGATED OR HAD NOT YET ACCRUED."

Since, both assignments of error assail the trial court's application of the doctrine of *res judicata* to the present cause of action we discuss them together.

We first note that the purpose of Civ. R. 22 regarding interpleader is "to expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice."*Sharp v. Shelby Mutual Ins. Co.* (1968), 15 Ohio St. 2d 134, 144. John Hancock was included as a defendant in State Farm's action in interpleader after State Farm received notice from John Hancock of its subrogation claim for medical expenses paid to Mildred Bird. The Ohio Supreme Court has held previously that upon such assignment the subrogee becomes the real party in interest and has the right to maintain an action against the tortfeasor for medical expenses incurred by the insured. *Smith v. Travelers Ins. Co.* (1977), 50 Ohio St. 2d 43, 45. This principal is implemented by Civ. R. 19(A) (3) requiring joinder as a party necessary for a just adjudication, one who has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.

*Norwood v. McDonald* (1943), 142 Ohio St. 299, 305 sets forth a comprehensive definition of *res judicata:* "'The doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30 American Jurisprudence, 908, Section 161."

*Norwood, supra* at syllabus paragraphs 2, 3, and 4 sets forth the test for determining applicability of *res judicata:*

"2. A judgment or decree in a former action does not bar a subsequent action where the causes of action are not the same, even though each action relates *to the same* subject matter.

"3. A point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

"4. To determine whether a second action is based upon the same cause of action as that litigated in a former action claimed to be a bar to

the second action under the doctrine of *res judicata,* the primary tests are the identity of investitive facts creating the right of action in each case; the identity of the evidence necessary to sustain each action; and the accrual of the alleged rights of action at the same time." *See also, Whitehead v. Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108; *Trautwein v. Sorgenfrei* (1979), 58 Ohio St. 2d 493; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193; *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St. 3d 224.

Both this action and the prior interpleader action arise from the facts involving the automobile accident in which Wanda Ross was the driver and Mildred Bird was a passenger. John Hancock was made a party to the interpleader upon its assertion of right of subrogation to the recovery of funds by Mildred Bird in repayment for medical treatment financed by John Hancock. John Hancock is making the same claim in the case presently before us. The evidence before us regarding the contractual relationship of the Bird's and John Hancock, specifically the insurance contract and signed reimbursement form, is the same as that presented to the trial court in the previous interpleader action by both John Hancock and the Birds. John Hancock's opportunity to recover the funds expended for Mildred Bird's medical treatment had then accrued. State Farm in its interpleader asked the trial court to require each defendant to set forth his claim to the fund and to determine the appropriate distribution of the fund. This is what the trial court did in the prior case.

"The main legal thread which runs throughout the determination of the applicability of *res judicata,* inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Goodson, supra* at 200 - 201. John Hancock had the opportunity to be fully heard on its claim of subrogation in the prior interpleader action. The Bird's submitted an extensive memo to the trial court during the interpleader action on the issue of their claim to the fund in relation to John Hancock's claim. The fact that John Hancock elected not to participate as fully as it could have in that prior proceeding does not prevent the application of *res judicata* to the case before us. Additionally, a prior judgment estops a person in privity with a party from subsequently relitigating the identical issue raised in the prior action. *Goodson, supra* at 195. As John Hancock's insured, Teleflex, Inc. is in privity with John Hancock and is also prevented

from asserting a claim in this action due to the resolution of the facts and issues in the prior case.

Appellants' assignments of error are overruled.

For the reasons stated above and upon the authorities cited and discussed the judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.