**BARGA, Exr., Appellee,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, Appellant.**

[Cite as *Barga v. Motorists Mut. Ins. Co.* (1991), 77 Ohio App.3d 723.]

Court of Appeals of Ohio,
Darke County.

No. 1276.

Decided Oct. 16, 1991.

*James J. Goubeaux,* for appellee.

*Gary L. Brown,* for appellant.

FAIN, Presiding Judge.

Defendant-appellant, Motorists Mutual Insurance Company ("Motorists"), appeals from the judgment of the trial court in an action for declaratory judgment finding that plaintiff-appellee George S. Barga was not required to reimburse Motorists for the accidental death benefit it paid to Verda Barga's estate. George received a settlement for the wrongful death of his wife, Verda, from another insurance company.

Motorists contends that the trial court erred when it found that Motorists was not entitled to reimbursement for accidental death benefits paid to Verda's estate from George's settlement with the other insurance company for the wrongful death of his wife. We conclude that the trial court did not err when it found that Motorists was not entitled to reimbursement from George. We reach this conclusion based upon the language of the insurance contract between Motorists and the Bargas, rather than the general rules of subrogation relied upon by the trial court. Accordingly, the judgment of the trial court is affirmed.

I

Motorists issued an automobile insurance policy to George and Verda Barga. A medical-payments-coverage clause provided that Motorists would pay reasonable expenses incurred for necessary medical and funeral services due to injury or death caused by accident while in an automobile covered under the insurance policy. Motorists further contracted to pay $10,000 to the insured if death resulted while using a restraint system at the time of an accident.

Verda was killed instantly as a result of a collision with another automobile driven by David Stein. Verda had been using a restraint system in her automobile covered under Motorists' policy.

George was appointed executor of the Estate of Verda Barga by the Darke County Probate Court. Pursuant to the terms of the insurance policy, Motorists paid to Verda's estate the cost of funeral services and the accidental death benefit of $10,000.

George settled a claim for the wrongful death of Verda with Stein's insurance carrier for $265,000. Motorists demanded reimbursement from George for payments made, relying on the terms of its policy with the Bargas. Motorists' insurance contract with the Bargas included a subrogation clause that provided that if Motorists made a payment under the policy, the person to whom payment is made shall hold in trust the proceeds of the recovery from another for Motorists and reimburse Motorists to the extent of its payment.

George filed a complaint in the Darke County Common Pleas Court for declaratory judgment to determine whether he was required to reimburse Motorists for the cost of funeral services and the accidental death benefit that Motorists paid to Verda's estate. The trial court determined that Motorists was entitled to reimbursement of the payment made for funeral services. The trial court further found that George was not required to reimburse Motorists for the accidental death benefit paid to Verda's estate. Motorists appeals from the judgment of the trial court.

## II

Motorists' sole assignment of error is as follows:

"The trial court erred in its determination that defendant-appellant was not entitled to reimbursement for death benefits paid to plaintiff-appellee under the insurance contract between defendant-appellant and plaintiff-appellee."

Motorists' insurance contact with the Bargas provides in pertinent part as follows:

"OUR RIGHT TO RECOVER PAYMENT.

"A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

"1. Whatever is necessary to enable us to exercise our rights; and

"2. Nothing after loss to prejudice them. * * *

"B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

"1. Hold in trust for us the proceeds of the recovery; and

"2. Reimburse us to the extent of our payment."

Motorists relies upon the foregoing language of the policy for its contention that George is required to reimburse Motorists for the payment of the death benefit to Verda's estate. We disagree.

■ Pursuant to the policy language, Motorists is only subrogated to Verda's right to recover damages from a third party. Furthermore, an

insurer-subrogee cannot succeed to or acquire any right or remedy not possessed by its insured-subrogor. *Chemtrol Adhesive, Inc. v. American Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624, paragraph one of syllabus.

■ Motorists paid to Verda's estate the sum of $10,000 pursuant to its insurance contract. Motorists did not pay this sum of money to George, individually. Motorists, therefore, was subrogated, pursuant to the contract, only to Verda's or her estate's right to recover damages from a third party.

George Barga settled with the tortfeasor's insurance carrier for the wrongful death of Verda pursuant to R.C. 2125.02(A)(1), which provides:

"An action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent."

Verda's estate had no claim or right to the settlement money George received, with the exception of the funeral expenses which are not in issue on this appeal.[1] Motorists paid the proceeds of its insurance contract to the deceased insured's estate. George received damages distributable under the Wrongful Death Act. Therefore, because Motorists made payment to Verda's estate and the estate had no claim to the wrongful death benefits George received, Motorists was not entitled to reimbursement from George for the accidental death benefit it paid to the insured's estate. We conclude that the policy language drafted by Motorists does not provide for reimbursement to the insurer from George for the accidental death benefits paid to Verda's estate.

We realize that an argument can be made that because Verda's estate and the class of persons who may be beneficiaries of a wrongful death settlement are similar in nature, it was within the purpose and intent of the reimbursement provision that a payment to one be considered the same as a payment to the other. While this might be a persuasive argument in a different context, an insurance contract should ordinarily be construed strictly against the insurer. In our view, to deem the beneficiaries of a wrongful death settle-

---

1. R.C. 2125.02(A)(2) provides that the jury shall set forth separately in its verdict the amount awarded for reasonable funeral and burial expenses incurred as a result of the wrongful death. R.C. 2125.03(B) provides:

"The court shall distribute the amount of funeral and burial expenses awarded, or received by settlement, by reason of the death to the personal representative of the decedent, to be expended by the personal representative for the payment, or as reimbursement for the payment, of the expenses."

ment to be the functional equivalent of the decedent's estate for the purposes of the reimbursement clause in Motorist's insurance policy would be inconsistent with the principle of construction that requires that a policy of insurance be construed strictly against the insurer.

Motorists' sole assignment of error is overruled.

### III

Motorists' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.