**OHIO DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**KOZAR, Appellee.**

[Cite as *Ohio Dept. of Human Serv. v. Kozar* (1995), 99 Ohio App.3d 713.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66766.

Decided Jan. 9, 1995.

714

*Betty D. Montgomery,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, Revenue Recovery Section, for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *Timothy D. Johnson,* for appellee.

JAMES M. PORTER, Judge.

Plaintiff-appellant Ohio Department of Human Services appeals from summary judgment entered in favor of defendant-appellee John W. Kozar arising out of the state's claim for reimbursement of Medicaid benefits expended on behalf of decedent, William Carvell, who was fatally injured by defendant's automobile. The trial court found that the state's claims, as subrogee, were barred by *res judicata* resulting from an adverse summary judgment on the earlier claims by decedent's estate against defendant. We find no error in the judgment below and affirm for the reasons hereinafter stated.

On July 16, 1983, an automobile driven by defendant Kozar struck a moped on which William Carvell was riding. Following substantial medical treatment funded by the state's Medicaid payments, Carvell died on January 18, 1986. His estate brought several suits against defendant Kozar for the injuries and wrongful death of Carvell. Following several voluntary dismissals of the successive actions under Civ.R. 41(A)(1)(a), the trial court granted summary judgment on the last-filed action for violation of the double-dismissal rule. On appeal, this court affirmed the grant of summary judgment. *Estate of Carvell v. Kozar* (June 22, 1989), Cuyahoga App. Nos. 55275 and 55277, unreported, 1989 WL 69397.

On March 13, 1992, the state filed the instant case against Kozar to recover, pursuant to R.C. 5108.58, $190,296.85 in Medicaid benefits expended for Carvell's long-term care prior to his death. The trial court granted Kozar's motion for summary judgment and held:

"This is a subrogation action. Subrogation actions are derivative in nature. The rights of the subrogee, ODHS, are limited to those rights which the subrogor could have asserted against Kozar.

"The subrogor in this action is the Estate of William Carvell which can no longer bring a claim against Kozar since the relevant statute of limitations, R.C. § 2305.09 [four years], has expired and the claims are barred by the doctrine of *res judicata*." Opinion and Order, December 29, 1993, at 3.

From that decision, a timely appeal ensued.

The state's sole assignment of error is set forth as follows:

"The court erred in granting the defendant's motion for summary judgment because the Ohio Department of Human Services is not a subrogee in the usual sense and is not barred by *res judicata* which bars the Medicaid recipient."

R.C. 5101.58, which governs the issue, states in pertinent part:

"The acceptance of aid pursuant to Chapter 5107., 5111., 5113. or 5115. of the Revised Code gives a right of subrogation to the department of human services and the department of human services of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. When an action or claim is brought against a third party by a recipient of aid under Chapter 5107., 5111., 5113. or 5115. of the Revised Code, the entire amount of any settlement or compromise of the action or claim, or any court award or judgment, is subject to the subrogation right of the department of human services or the department of human services of any county. The department's subrogated claim shall not exceed the amount of medical expenses paid by the departments on behalf of the recipient. Any settlement, compromise, judgment, or award that excludes the cost of medical services or care shall not preclude the departments from enforcing their rights under this section."

Under the statute, the state was subrogated to the estate's claim against defendant to the extent of the Medicaid benefits paid. However, the rights of the state as subrogee are no greater than those of the subrogor, the estate of decedent, with which it is in privity. See *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 42, 537 N.E.2d 624, 628.

The principle applies with equal force and effect to subrogation actions asserted by the state in the instant case. The Supreme Court recently held:

"The department's right of subrogation arises from R.C. 5101.58, which in relevant part states: 'The acceptance of aid * * * gives a right of subrogation to the department of human services and the department of human services of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. * * *'

" * * *

"Consequently, under the general principle that a subrogee cannot succeed to a right not possessed by its subrogor, the department has no right to which it may be subrogated. *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624." *Galanos v. Cleveland* (1994), 70 Ohio St.3d 220, 221–222, 638 N.E.2d 530, 532; see, also, *Barga v. Motorists Mut. Ins. Co.* (1991), 77 Ohio App.3d 723, 726, 603 N.E.2d 322, 324; *Gladon v. Greater Cleveland Regional Transit Auth.* (Mar. 10, 1994), Cuyahoga App. No. 64029, unreported, at 21, 1994 WL 78468, discretionary appeal and cross-appeal allowed in (1994), 70 Ohio St.3d 1426, 638 N.E.2d 88.

█ Therefore, the state's claim seeking reimbursement from Kozar for medical bills incurred by Carvell's estate is on no better footing than the estate's. Since the estate's claim against Kozar was time-barred, any claim asserted by the state, as a subrogee, is likewise time-barred under the four-year statute of limitations applicable thereto. R.C. 2305.09(D).

█ The state's case is also barred by the doctrine of *res judicata* in that the estate's claim was barred by the "two dismissal" rule and the state's derivative claim cannot survive.

█ The doctrine of *res judicata* mandates that the final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same cause of action. *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 11 OBR 491, 464 N.E.2d 556. In order for *res judicata* to bar a second suit, the following elements must be present: (a) an existing final judgment; (b) rendered on the merits without fraud or collusion; (c) by a court of competent jurisdiction; (d) is conclusive of all rights, questions, and facts in issue; (e) as to the parties and their privies; and (f) in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 520 N.E.2d 193,

citing *Norwood v. McDonald* (1943), 142 Ohio St. 299, 305, 27 O.O. 240, 242, 52 N.E.2d 67, 71.

■ As previously noted, the estate's claim for medical expenses was barred by *res judicata* under the two-dismissal rule affirmed by this court in *Estate of Carvell v. Kozar, supra.* This was an adverse final judgment binding as well against the state's claim as subrogee under R.C. 5101.58. *Galanos v. Cleveland, supra.* A subrogee is in privity with its subrogor under the *res judicata* doctrine. *Nationwide Ins. Co. v. Steigerwalt* (1970), 21 Ohio St.2d 87, 50 O.O.2d 200, 255 N.E.2d 570. See, also, *John Hancock Mut. Life Ins. Co. v. Bird* (1990), 69 Ohio App.3d 206, 210, 590 N.E.2d 336, 338–339.

The state nevertheless urges this court to disregard the subrogee position of the state and follow various federal authorities which apparently permit the federal government to seek recovery in similar circumstances for benefits paid under the Medical Care Recovery Act, Section 2651, Title 42, U.S.Code. *E.g., United States v. York* (C.A.6, 1968), 398 F.2d 582. We decline to do so.

We cannot disregard the plain subrogation language of the controlling Ohio statute. R.C. 5101.58 uses the term "subrogation" in its conventional sense ("The acceptance of aid * * * gives a right of subrogation to the department of human services * * *.") and does not create an "independent right" of recovery as the federal statute does. *York, supra,* at 584. See *Waldron v. Miami Hosp.* (Dec. 7, 1994), Montgomery App. No. 14108, unreported, 1994 WL 680152.

The state's sole assignment of error is overruled.

*Judgment affirmed.*

NAHRA, C.J., and JAMES D. SWEENEY, J., concur.