OPINION
Defendant-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals a judgment entry and final order granting a motion for summary judgment filed by plaintiffs-appellees, Roy S. Mack, individually, and as administrator of the estate of Cynthia Gray, and Theresa Zimmerman, individually, and as administrator of the estate of David Zimmerman.
On August 28, 1994, Cynthia Gray and David Zimmerman were killed when they were involved in a collision with an uninsured motorist. When the accident occurred, David Zimmerman was driving Cynthia Gray's car with her permission. Cynthia Gray and David Zimmerman were not married, but were members of the same household. David Zimmerman was survived by his sister, Theresa Zimmerman, and his parents, Jeanette and Donald Zimmerman. Cynthia Gray was survived by her brother, Thomas Gray, Jr., and her parents, Roy and Marie Mack.
Appellees and other family members of the decedents filed a complaint for declaratory judgment to determine the rights and responsibilities of the parties under various insurance policies, including an insurance policy issued to David Zimmerman by State Farm. Appellees moved for summary judgment asserting, inter alia, that the estates of Cynthia Gray and David Zimmerman were entitled to recover uninsured motorists benefits under David Zimmerman's policy with State Farm. The trial court granted appellees' motion.
On appeal, State Farm contends that the trial court erred in granting summary judgment to appellees on this issue. We agree.
The right to sue for wrongful death is statutorily created and is governed by R.C. 2125.02, which states:
 (A)(1) Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent. * * * (Emphasis added.)
Recovery under the statute is, thus, for the exclusive benefit of a decedent's surviving spouse, the children, and other next of kin. That is, wrongful death actions are not intended to compensate a decedent's estate. See Tennant v. State Farm Mut. Ins. Co. (1991), 81 Ohio App.3d 20, 23.
Appellees argue that this case fits squarely within the framework of a case from this court, Lynch v. State Farm Mut. Auto. Ins. Co. (Mar. 21, 1994), Butler County App. No. CA93-06-099, unreported. There are similarities between the two cases. Both involve a claim brought by the administrator of a decedent's estate under the wrongful death statute to recover uninsured motorist benefits. In both cases, the statutory beneficiaries, e.g., those parties identified as beneficiaries in the wrongful death statute, R.C. 2125.02(A)(1), were not named insureds under the decedent's policy.
This case differs from Lynch in the following, critical, way: In Lynch, the administrator brought the action on behalf of the statutory beneficiaries. Lynch, unreported at 3. In the instant case, on the other hand, the action was brought on behalf of the decedents' estates, and not the statutory beneficiaries. The trial court's order explicitly sets forth this distinction:
 The Administrators of the Estates of David Zimmerman and Cynthia Gray have brought causes of action for wrongful death. This cause of action brought on behalf of the decedent's estates (as opposed to the statutory beneficiaries) includes damages for the actual wrongful death of decedents * * *.
 The Administrators of the Estate of Cynthia Gray and David Zimmerman are entitled to recover uninsured motorist benefits from the subject State Farm Policy for the wrongful death of the decedents * * *.
Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United (1977), 50 Ohio St.2d 317, 327.
Under R.C. 2125.02(A)(1), the statutory beneficiaries are the real parties in interest in a lawful death claim; a decedent's estate has no claim to wrongful death benefits. See Burwell v. Maynard (1970), 21 Ohio St.2d 108, 110; Barga v. Motorists Mut. Ins. Co. (1991), 77 Ohio App.3d 723, 726. Therefore, the trial court's decision granting summary judgment to appellees was in error.
Judgment reversed.
YOUNG, P.J., and POWELL, J., concur.