JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the common pleas court granting summary judgment in favor of the defendants on plaintiffs' claim that the defendant insurer and its agent negligently processed a change of beneficiary form that would have made the plaintiff company a beneficiary of a life insurance policy. In this appeal, the asserted beneficiary claims:
 1. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT-APPELLEE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND DEFENDANT-APPELLEE GARY BURG ON THE GROUNDS THAT THE APPELLANTS' CLAIMS ARE BARRED BY THE PREVIOUSLY FILED INTERPLEADER PURSUANT TO OHIO CIVIL RULE 22.
 2. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT-APPELLEE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND DEFENDANT-APPELLEE GARY BURG ON THE GROUNDS OF COLLATERAL ESTOPPEL.
 3. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT-APPELLEE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND DEFENDANT-APPELLEE GARY BURG SINCE THERE WERE FACTUAL ISSUES IN DISPUTE.
We agree that neither resjudicata nor collateral estoppel bar the plaintiffs' action and that genuine issues of material fact precluded summary judgment in this case. Therefore, we reverse and remand for further proceedings.
 FACTUAL AND PROCEDURAL HISTORY
The complaint in this case was filed on September 29, 1998. It alleged that defendant-appellee The Prudential Insurance Company of America (Prudential) issued a $500,000 life insurance policy on the life of William R. Ursem (Ursem). On May 23, 1994, Ursem submitted a request to change the beneficiary under the policy. Prudential rejected the request, claiming it was improper as submitted. At Ursem's request, Prudential then prepared a revised change of beneficiary form, which Ursem signed and returned to Prudential's agent. Ursem died June 28, 1995.
In the complaint, plaintiff The Ursem Company (the Company) claimed that Prudential failed to exercise due care in processing the change of beneficiary form and, as a result, the Company lost insurance benefits that would have been paid to it as an intended beneficiary under the policy. The Company also claimed it detrimentally relied on Prudential to create and administer a split dollar agreement and key man insurance policy. Finally, the Company claimed it detrimentally relied on the advice and instruction of Prudential's agent with respect to establishing and implementing a reverse split dollar agreement. The Company sought $466,452 plus interest, costs and attorney's fees from Prudential and the agent.
Prudential and its agent moved to dismiss the complaint for failure to state a claim, on the ground that a prior interpleader action had decided that the Company was not entitled to the insurance proceeds and that collateral estoppel precluded the Company from relitigating that issue. The court converted this motion to a motion for summary judgment, and Prudential submitted additional evidence in support, including certified copies of briefs filed in the prior interpleader action and a certified copy of a judgment entry dismissing the Company's appeal from the judgment in that case, with prejudice.
In a half-sheet entry filed September 15, 1999, the trial court in this case held:
 Upon review of all the evidence and relevant case law, it is the finding of this Court that [defendants] The Prudential Insurance Company of America and Gary Burg's Motion to Dismiss (filed 12/18/98) which was converted by the Court into a Motion for Summary Judgment on 7/14/99 is granted. Final.
 LAW AND ANALYSIS
Each of appellant's assignments of error challenge the trial court order granting summary judgment for Prudential, so we will consider them together.
This court reviews an order granting summary judgment de novo. Hillyer v. State Farm Mut. Auto Ins. Co., (1999), 131 Ohio App.3d 172, 175. We apply the same test as a trial court, as set forth in Civ.R. 56(C), which provides that summary judgment may be granted if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
The party seeking summary judgment bears the burden of showing that there is no genuine issue of material fact for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Dresher v. Burt (1996),75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
In the trial court, Prudential and its agent argued that the Company's claim here was the same as that raised in the prior interpleader action. Prudential argued that the interpleader should protect it against duplicate liability and that collateral estoppel should preclude the Company from relitigating its alleged right to the insurance proceeds.
The parties agree that Prudential previously brought an interpleader action with respect to the proceeds of Ursem's life insurance policy and that the Company, Maureen Dempsey Ursem and Wendy Renee Ursem were parties to that action. Apparently, Prudential claims that that action determined any liability it might have to the Company and estops the company from further litigating any claimed right to the insurance proceeds.
The trial court was not given a copy of the judgment or the pleadings in the interpleader action and, therefore, had no ground in the record to determine what was litigated in that case. Nevertheless, we will assume (as the parties appear to do) that the interpleader action finally determined that the Company had no contractual right to the insurance policy proceeds.
That determination was not dispositive of the Company's claims in this case. In this case, the Company is not claiming a right to the policy proceeds; it is claiming that Prudential and its agent deprived it of its right to the policy proceeds by negligently failing to process a change of beneficiary form. This was not a claim that was or could have been litigated in the interpleader action, because it did not even arise until the court in the interpleader action entered judgment against the Company. Therefore, neither res judicata nor collateral estoppel precluded this action. John Hancock Mut. Life Ins. Co. v. Bird (1990),69 Ohio App.3d 206, 209 (to bar a second claim based on res judicata requires showing that the rights of action arose at the same time); Honohan v. Eagle Picher Indus., Inc. (1984), 21 Ohio App.3d 179, 180-81
(collateral estoppel only applies where the identical issue was actually tried and decided and necessary to the final judgment in the prior action).
Nor can Civ.R. 22 bar this action. Civil Rule 22 allows a person who admits liability but is unsure to whom the funds may be due to join all possible claimants in a single action so that they can litigate their relative rights. As noted above, in this case, the Company claims Prudential negligently deprived it of its right to the insurance proceeds by failing to process a change of beneficiary form. See, e.g., Merrill v. William E. Ward Ins. (1993), 87 Ohio App.3d 583, 589-90. This claim is independent of any claim for the policy proceeds themselves and actually depends on having lost the claim for the policy proceeds. It does not create the potential for a judgment against Prudential, which is duplicative of or inconsistent with the judgment in the interpleader action. An insurer cannot insulate itself from tort liability by filing an interpleader action with respect to its contractual obligations.
Genuine issues of material fact preclude summary judgment at this time. Therefore, we reverse the trial court's judgment and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR
 ____________________ JUDGE KENNETH A. ROCCO