JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant ("plaintiff") appeals the trial court's dismissal of his first amended complaint ("complaint") against defendants-appellees, The City of Cleveland, The Civil Service Commission ("Commission"), and, Michael R. White ("defendants").[1] For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In December 1998, plaintiff was suspended from his civil service position with the City of Cleveland. Plaintiff appealed his suspension to the Commission which ordered that he be reinstated to his position as Human Resource Manager.
 {¶ 3} In March 1999, plaintiff was terminated. Plaintiff appealed the propriety of his discharge to the Commission. In November 1999, before the Commission rendered its decision on his claim of wrongful termination, plaintiff "filed suit against the City of Cleveland in the United States District Court, being case no. 1:99CV2883 * * *."
 {¶ 4} In December 1999, during the pendency of his federal suit, plaintiff was notified of the Commission's decision to uphold his discharge by the City. The Commission's decision was conveyed to plaintiff by a letter signed by one Gregory J. Wilson, acting as "Secretary of the Cleveland Civil Service Commission" at the time. According to plaintiff's complaint, Wilson was not an appropriately qualified member of the Commission when he signed appellant's letter. Plaintiff maintains that because Wilson was not a qualified member of the Commission then the decision upholding his discharge was fraudulent and therefore void.[2]
 {¶ 5} In August 2000, plaintiff's federal suit went to trial. The jury determined "that plaintiff had been wrongfully discharged." Thereafter, plaintiff states that he "made demand to the City that he be immediately reinstated to his position with back pay and all lost seniority." Plaintiff maintains that the City has refused to reinstate him or pay him what he is owed. In his complaint, plaintiff requests compensatory damages and other relief including "that the order discharging him from his employment be vacated * * * that he be ordered re-instated * * * with full back pay, seniority, benefits and other indicia of his office * * *."
 {¶ 6} In their answer to plaintiff's complaint, defendants denied most of plaintiff's allegations including his claim that he is entitled to reinstatement or any other employment related benefits. In the trial court, defendants filed a motion for judgment on the pleadings because plaintiff's complaint failed to state a claim upon which relief could be granted. Because of the jury verdict plaintiff received in his federal case, defendants argued, among other things, that plaintiff's complaint was barred by the doctrine of res judicata.
 {¶ 7} In September 2001, the trial court stated:
 {¶ 8} "DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FILED 3/28/01) IS GRANTED IN PART. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED AS TO PLAINTIFF'S WRONGFUL TERMINATION CLAIM. THIS COURT FINDS THAT PURSUANT TO THE JURY VERDICT RENDERED IN CASE 1:99CV2883, PLAINTIFF WAS FOUND TO HAVE BEEN WRONGFULLY DISCHARGED."
 {¶ 9} Then, on October 12, 2001, defendants filed a motion to dismiss in which they reminded the trial court that plaintiff's claim for wrongful discharge was barred by res judicata. Defendants also argued that plaintiff lacked standing to pursue his remaining claim, namely, that the Commission's decision upholding his discharge while Wilson was supposedly one of its members was fraudulent and void.
 {¶ 10} The trial court granted defendants' motion to dismiss and, in pertinent part, stated:
 {¶ 11} "DEFENDANTS' MOTION TO DISMISS (FILED 10/12/01) ON THE BASIS OF STANDING IS WELL TAKEN. * * *. IF PLAINTIFF HAS A CLAIM IT WOULD BE A TAXPAYER'S ACTION. A TAXPAYER'S ACTION CANNOT BE MAINTAINED IN THE NAME OF A TAXPAYER WHERE IT IS BROUGHT FOR THE TAXPAYER'S INDIVIDUAL BENEFIT RATHER THAN THE BENEFIT AND WELFARE OF TAXPAYERS GENERALLY. PLAINTIFF DOES NOT HAVE A LEGAL RIGHT TO PRIVATE RELIEF AND THEREFORE LACKS STANDING TO BRING THIS LAWSUIT."
 {¶ 12} Plaintiff timely appealed the trial court's judgment and presents three assignments of error, which are interrelated and will be addressed together.
 {¶ 13} "I. THE COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT."
 {¶ 14} "II. THE COURT ERRED IN DISMISSING THE COMPLAINT WITHOUT AFFORDING APPELLANT AN OPPORTUNITY TO CORRECT ANY PERCEIVED DEFICIENCIES IN THE COMPLAINT."[3]
 {¶ 15} "III. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS AND RULING THAT PLAINTIFF HAS NO INDEPENDENT RIGHT TO REDRESS."
 {¶ 16} In his three assignments of error, plaintiff, cumulatively, argues that the trial court erred when it partially granted defendants' motions for judgment on the pleadings and for dismissal. At the outset, we note no irregularity in the trial court granting defendants' motion for judgment on the pleadings because plaintiff's claim of wrongful discharge was barred by the doctrine of res judicata.
 {¶ 17} As noted by this court in Corradi v. Bear Creek Invs. (May 14, 1998), Cuyahoga App. No. 72915, 1998 Ohio App. LEXIS 2173:
 {¶ 18} "The doctrine of res judicata involves two basic concepts. Norwood v. McDonald (1943), 142 Ohio St. 299, 52 N.E.2d 67. First, it refers to the effect a judgment in a prior action has in a second action based upon the same cause of action. The Restatement of the Law, Judgments, Section 45, uses the terms "merger" and "bar." If the plaintiff in the prior action is successful, the entire cause of action is "merged" in the judgment. The merger means that a successful plaintiff cannot recover again on the same cause of action, although he may maintain an action to enforce the judgment. If the defendant is successful in the prior action, the plaintiff is "barred" from suing, in a subsequent action, on the same cause of action. The bar aspect of the doctrine of res judicata is sometimes called "estoppel by judgment." Restatement of the Law, Judgments, Section 45, comment (b).
 {¶ 19} "The second aspect of the doctrine of res judicata is `collateral estoppel.' While the merger and bar aspects of res judicata have the effect of precluding a plaintiff from relitigation the same cause of action against the same defendant, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. Restatement of the Law, Judgments, Section 45, comment (c), and Section 68 (2); Cromwell v. County of Sac (1976), 94 U.S. 351, 24 L.Ed. 195. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit."
 {¶ 20} Corradi, supra citing Whitehead v. Gen. Tel. Co (1969),20 Ohio St.2d 108, 112, 254 N.E.2d 10. In order for res judicata to bar a second suit, the following elements must be present: (a) an existing final judgment (b) rendered on the merits without fraud or collusion (c) by a court of competent jurisdiction (d) is conclusive of all rights, questions, and facts in issue; (e) as to the same or any other judicial tribunal or concurrent jurisdiction. Ohio Dept. of Human Serv. v. Kozar
(1995), 99 Ohio App.3d 713, 716, 651 N.E.2d 1039 citing Quality ReadyMix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 520 N.E.2d 193.
 {¶ 21} In the case at bar, plaintiff has not provided this court with any indication that his claim of wrongful discharge is any different than the one advanced and adjudicated in his federal suit. Accordingly, we must conclude that plaintiff's claim of wrongful discharge in this case is the same as his claim in Case No. 1:99CV2883, the federal case. Because plaintiff's wrongful discharge claim was adjudicated on the merits in the federal case, the trial court did not err in determining that the claim was barred under the doctrine of res judicata.
 {¶ 22} Next, we address plaintiff's claim that the trial court erred by granting defendants' motion to dismiss and dispensing with his remaining claim for fraud.
 {¶ 23} "In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party." State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799
citing Perez v. Cleveland (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199,200. Additionally, in order to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that a plaintiff can prove no set of facts warranting relief. Edwards, supra citing State ex rel. Seikbertv. Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.
 {¶ 24} In the case at bar, the trial court determined that plaintiff had no standing to sue defendants for fraud. The court decided that plaintiff's proper course for relief was a "taxpayer's action."
 {¶ 25} We need not comment on the trial court's opinion that a taxpayer's action is plaintiff's only viable legal avenue. From the face of plaintiff's complaint, it is clear the court made the correct determination that plaintiff lacked standing to pursue his fraud claim because Wilson was supposedly not a qualified member of the Commission.
 {¶ 26} It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. Ohio Contractors Assn. v. Bicking (1994),71 Ohio St.3d 318, 320, 643 N.E.2d 1088, 1089. As this court noted in FOPv. City of Cleveland, (2001), 141 Ohio App.3d 63, 749 N.E.2d 840, "[i]n order for one to have standing to raise a particular claim or objection, that party must demonstrate an injury in fact, rather than an abstract or suspected injury." In re Woodworth, (Dec. 10, 1992), Cuyahoga App. No. 63038, 1992 Ohio App. LEXIS 6269 citing State, ex rel. Consumers Leagueof Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 457 N.E.2d 878. As observed in Tiemann v. University of Cincinnati (1998),127 Ohio App.3d 312, 325, 712 N.E.2d 1258, "a plaintiff's injury cannot be merely speculative." Tiemann, supra at 1267, citing City of LosAngeles v. Lyons (1983), 461 U.S. 95, 102, 75 L.Ed.2d 675, 684,103 S.Ct. 1660, 1665. A party's bald assertion that an injury occurred is insufficient to confer standing. The requirement of standing ensures that the party challenging an order has a "personal stake in the outcome of the controversy." Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 75,495 N.E.2d 380. See Walter v. Boes (May 7, 2002), Hancock App. No. 5-01-07, 2002 Ohio App. LEXIS 2206.
 {¶ 27} In the case at hand, plaintiff's complaint fails to describe the requisite injury-in-fact which would satisfy plaintiff's burden of proving that he has a personal stake in the outcome of litigating his fraud claim against defendants.[4] Absent from plaintiff's complaint is any indication that plaintiff incurred any injury as a proximate result of Wilson's alleged failure to qualify as a member of the Commission. The record before this court is bereft of any indication that Wilson's status on the Commission had any relation to or effect on plaintiff's discharge from the City, which is the only claim in which he had a personal stake. Regardless of Wilson's status on the Commission, the fact remains that it had nothing to do with plaintiff's discharge. The trial court did not err, therefore, in deciding that plaintiff lacked standing to prosecute his fraud claim against defendants.
 {¶ 28} Plaintiff's assignments of error Nos. I, II, and III are overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR.
[1] The complaint was filed on December 7, 2000.
[2] According to plaintiff, he first discovered the information pertaining to Wilson in September 2000, after reading a newspaper article which described the fact that Wilson was not a city resident.
[3] We note that despite the language set forth in this assignment of error, plaintiff does not present any argument in the body of his brief which is actually related to this claimed error. In point of fact, all three of plaintiff's assignments of error essentially argue one issue, that is, he should be allowed to pursue his claim of fraud against the defendants because Wilson was not a qualified member of the Commission when plaintiff received the letter upholding the propriety of his discharge.
[4] On its face, plaintiff's complaint would also fail to satisfy a prima facie case for fraud because, minimally, he cannot show having suffered any injury proximately caused by Wilson's allegedly questionable status as a member of and secretary for the Commission. The elements of an action in actual fraud are: (a) a misrepresentation or where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with intent to mislead, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Cohen v. Lamko,Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.