BRYANT ET AL., APPELLEES, *v.* CLARK; NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Bryant v. Clark* (1992), 62 Ohio St.3d 485.]

(No. 90–2541—Submitted December 4, 1991—Decided February 12, 1992.)

defendants had notice of such diversion is not a necessary prerequisite of a finding they are liable. * * * ”

486

*Joseph C. DaPore,* for appellees.

*Cable & Dobnicker, Allan D. Dobnicker* and *James W. Boyd, Sr.,* for appellant.

WRIGHT, J. This case requires the interpretation of an insurance contract which provides that:

"In any uninsured motorists claim, we will jointly determine with the insured or his legal representative whether there is a legal right to recover damages, and if so in what amount. If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration. Any judgment against the uninsured of liability or amount of damages will be binding only if it was obtained with our written consent."

This paragraph contains two separate parts that are at issue in this case: (1) the provision that a judgment will not be binding unless the insurer consented in writing, and (2) an arbitration clause. Taken as a whole, this paragraph

dictates the procedure for determining Nationwide's liability to its insured for an accident caused by an uninsured motorist.

The policy states in clear and unambiguous language that "[a]ny judgment against the uninsured of liability or amount of damages will be binding only if it was obtained with our written consent." Absent waiver, this clause is valid and enforceable. See *Moorcroft v. First Ins. Co. of Hawaii, Ltd.* (1986), 68 Haw. 501, 503, 720 P.2d 178, 180; *Newark Ins. Co. v. Ezell* (Ky.1975), 520 S.W.2d 318, 320; *Johnson v. United Service Auto. Assn.* (Okla.1969), 462 P.2d 664, 667; *MFA Mut. Ins. Co. v. Bradshaw* (1968), 245 Ark. 95, 100–103, 431 S.W.2d 252, 254–256. See, generally, Annotation, Validity, Construction, and Effect of "Consent to Sue" Clauses in Uninsured Motorist Endorsement of Automobile Insurance Policy (1983), 24 A.L.R. 4th 1024, 1041–1048.

The trial court found that Nationwide gave its written consent in its October 19, 1988 letter, which stated:

"Confirming our telephone conversation, Nationwide would like you to take a default Judgment against Norman Clark for an amount at least equal to the prospective pay out for uninsured motorist coverage. Whether you choose to do so, based upon your complaint, the policy limits, or what you believe to be the value of the case is up to you so long as we do not eventually settle for more than the Judgment. When you have notice of the proof of damage hearing, please advise, so that we can attend."

We agree. Any ambiguity should be construed in the favor of the insureds. The insurance company cannot urge the parties to obtain a default judgment, and, at the same time, use ambiguous language to avoid consenting to the action.

Nationwide contends that, regardless of its written consent to the default judgment, arbitration is required to determine the amount of its liability to the Bryants.[1]

---

1. The Bryants' uninsured motorist policy discusses arbitration in the clause quoted above, and also provides:

"ARBITRATION

"If we and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used:

"After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the insured or the company may request that selection be made by a judge of a court of record in the county and state in which arbitration is pending. Each party will pay its chosen arbitrator, and bear equally expenses for the third and all other expenses of arbitration. Unless the insured and the company agree otherwise, arbitration will take place in the county and state in which the insured lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators

We have addressed related issues in *Universal Underwriters Ins. Co. v. Shuff* (1981), 67 Ohio St.2d 172, 21 O.O.3d 108, 423 N.E.2d 417, and *Motorists Mut. Ins. Co. v. Handlovic* (1986), 23 Ohio St.3d 179, 23 OBR 343, 492 N.E.2d 417. In *Shuff,* this court held that if a jury returned a verdict against the insured, the insured could not request arbitration to reopen the issue decided by the verdict. *Handlovic* involved insureds that received an award within the limits of the other driver's insurance coverage, but requested arbitration under their own underinsured motorist coverage on the grounds that their damages, in fact, exceeded the other driver's insurance. In both of these instances, we upheld the finality of the jury's verdict and recognized that the purposes of arbitration—judicial economy and fairness—are not served by postjudgment arbitration.

Nationwide appears to want it both ways in this instance. If we were to allow arbitration under these circumstances, the insurer could wait while the insured obtained a default judgment, which would bind the *insured* under *Shuff* and *Handlovic,* and then arbitrate only the unfavorable judgments. We recognized the danger of this approach when we stated: "The mere threat of another proceeding would put a powerful tool in the hands of a party whose bargaining power is typically greater." *Universal Underwriters Ins. Co. v. Shuff, supra,* 67 Ohio St.2d at 175, 21 O.O.3d at 109–110, 423 N.E.2d at 419.

Perhaps the most straightforward method of dealing with this issue is as one of waiver. Under what circumstances does an insurer waive its right to demand arbitration? An insurer that consents to a default judgment in a suit against an uninsured motorist, and does not request arbitration until after that judgment has been entered, has waived its right to submit the issues of liability and damages to arbitration. No material facts are in dispute on these issues.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

RESNICK, J., concurs in the syllabus and judgment only.

---

will determine questions in dispute. A written decision on which two agree will be binding on the insured and us.

"As an alternative to the previously described procedure, if the insured and the company agree, arbitration will be in accordance with rules of the American Arbitration Association.

"We and the insured agree to be bound by the award determined through arbitration. Judgment upon award may be entered in any court having jurisdiction over it."