Appellant, Nationwide Mutual Insurance Company [hereinafterNationwide], insured James and Freda Ross, the appellees. On July 31, 1991, in Portsmouth, Ohio, appellees were involved in an accident with Roger Cooper, an uninsured motorist. The appellees and Roger Cooper were all residents of Scioto County at the time. Nationwide compensated appellees for their medical expenses, but appellees were unable to reach agreement with Nationwide to settle other bodily injury claims arising out of this accident.
Appellees sued Roger Cooper, eventually obtaining a default judgment against him in the amount of $80,000. This judgment was not appealed. Nationwide refused to honor the appellees' claim under the uninsured motorist portion of their policy with appellees. Thereupon, appellees filed a declaratory judgment action against Nationwide in the Scioto County Court of Common Pleas to establish Nationwide's liability for the uninsured motorist claims under their insurance policy with Nationwide. Nationwide appeals from the judgment of that court which held the appellant-insurer liable to appellees under the policy of insurance with them, for the $80,000 default judgment rendered in favor of appellees against the uninsured motorist, Roger Cooper. We affirm.
 Statement of the Case
Subsequent to the accident of July 31, 1991, appellees timely filed their claims with their Nationwide agent. It appears from the record that Nationwide's representative, Rose Holderle, filed a written demand for arbitration with appellees' counsel on May 21, 1993. That letter also demanded that appellees sue the uninsured motorist, Roger Cooper.
Appellees sued Roger Cooper but waited in vain for Nationwide to take any further action on its demand for arbitration. On March 16, 1994, appellees' counsel notified Nationwide that suit had been filed, suggested an arbitrator as was required of them by the policy, and requested that Nationwide respond. On June 28, 1994, appellees' counsel again suggested proceeding with arbitration as demanded by Nationwide and indicated that the appellees were preparing to dismiss the action against the uninsured motorist without prejudice, pending resolution of the arbitration. Appellees directed this second letter to Nationwide's counsel. Subsequently, appellees dismissed their suit against Cooper, without prejudice, as they had indicated was their intended course of action.
On July 25, 1995, appellees refiled their action against Cooper, the uninsured motorist, and notified Nationwide's counsel of this. On August 17, 1995, Nationwide's counsel, apparently inadvertently, filed an answer on behalf of the uninsured motorist, Roger Cooper. On August 25, 1995, Nationwide appeared through the same counsel and moved to withdraw the answer, indicating that counsel did not represent the uninsured motorist. On September 25, 1995, the court notified all parties and counsel, including Nationwide's counsel, of a tentative schedule for pre-trial hearings and trial in that action, setting a jury trial for June 13, 1996. On February 16, 1996, Nationwide's counsel notified appellees by letter that Nationwide would not be bound by a judgment in the action against Roger Cooper (an action described in the letter by Nationwide's counsel, however, as Ross v. Nationwide). On May 3, 1996, appellees subsequently took default judgment against the uninsured motorist in the amount of $80,000; $45,000 for Freda Ross and $35,000 for James Ross.
On May 9, 1996, Nationwide moved to intervene, seeking a jury trial. Nationwide stated in its motion, "This application is timely, because Nationwide has monitored the progress of this suit and suggest intervention will not result in delay or prejudice." As we will see, it was precisely this denied result that Nationwide did intend. The trial court denied Nationwide's motion.
Appellees brought a declaratory judgment action against Nationwide on July 22, 1996, in the Franklin County Court of Common Pleas. Appellees asked that court to determine whether Nationwide was liable to them, under its policy of insurance, for the default judgment obtained against uninsured motorist Roger Cooper, Nationwide moved for a change of venue to the Scioto County Court of Common Pleas, granted by the Franklin County of Common Pleas.
Appellees refiled their declaratory judgment action in the Scioto County Court of Common Pleas on July 3, 1997. Nationwide counterclaimed, seeking nonbinding arbitration and a jury trial on the issue of damages. Both parties moved for summary judgment claiming that no genuine issues of material fact remained to be determined. The trial court determined that the default judgment obtained by the appellees against the uninsured motorist Roger Cooper was enforceable against Nationwide. The trial court granted appellees' motion for summary judgment and denied Nationwide's motion for similar relief in the matter below. It is from that judgment that Nationwide appeals, raising two assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Apparently because the issues are related, Nationwide addressed the two assignments of error as one. So shall we. Nationwide raises four arguments in support of its position:
 1. That the specific language of the policy does not permit the appellees to bind it to this default judgment;
 2. That a breach of the insurance agreement by the appellees has occurred because the appellees failed to notify' it of their intention to take default judgment against the uninsured motorist. Hence, claims Nationwide, it was foreclosed from raising any defenses to appellees' claims in that action.
 3. Nationwide then argues estoppel, that the failure of appellees to proceed with arbitration under the policy prevented appellees from seeking default judgment against the uninsured motorist, or binding Nationwide to that default judgment.
 4. Finally, Nationwide argues the default judgment is not res judicata as to the insurer, since Nationwide was not part of, nor party to, appellee's suit against Roger Cooper, the uninsured motorist.
 I
We begin by defining our standard of review. The trial court may properly grant summary judgment under Civ.R. 56 (C) if it determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267, 274.
Our standard of review for summary judgment is the same as that of the trial court. We review summary judgment cases de novo. In applying the de novo
standard, we review the decision of the trial court independently and without deference to the determination of the trial court. See Brown v. Scioto Cty. Rd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153,1157.
 II
Nationwide would have us focus entirely on the insurance policy it issued to appellees. Nationwide points to language in the policy which requires its written consent to any judgment taken against an uninsured motorist. Nationwide argues appellees cannot bind it by the default judgment on the uninsured motorist because Nationwide did not consent to that judgment. Nor, it continues, did Nationwide have notice of the default judgment hearing. Therefore, Nationwide concludes that appellees cannot require it to honor and pay that judgment to them.
Nationwide cites Williams v. Farmers Ins. Exchange ofFarmers Underwriters Assoc. (Oct. 19, 1990), Lucas App. No. L 89-404, unreported, and the cases cited therein, Bertolo v. Liberty Mut. Ins. Co. (July 9, 1988), Cuyahoga App. No. 53796, unreported, and NationwideMut. Ins. Co. v. Sams (June 9, 1989), Erie App. No. E-88-27, unreported, in support of its argument that the appellees cannot bind it to the default judgment without consent. Nationwide suggests further that Wise v. Fed.Kemper Ins. Co. (Nov. 5, 1987), Franklin App. No. 87 AP 244, unreported, also supports its argument.
We can easily distinguish Bertolo because there the uninsured motorist sued Peter Bertolo, Liberty's insured. Liberty settled that claim, but Bertolo continued that action, bringing counterclaims against the uninsured motorist without giving Liberty notice of his intent to pursue these counterclaims. In Sams, the insured rejected arbitration and sued the uninsured motorist without notice to the insurance company. Here, Nationwide directed the appellees to sue Roger Cooper, the uninsured motorist. Unlike the case at bar, inWilliams the insurance company insisted on arbitration before suit, but the insured sued the uninsured motorist and took judgment. The insurance company had notice of that suit but successfully argued that the default judgment was not binding upon them based on Sams.
Appellees refer us to Sawmiller v. Nationwide Mut.Ins. Co. (Sept. 23, 1991), Allen App. No. 1-91-1, unreported. The Third Appellate District rejected the view of the Sixth Appellate District in Williams andSams to find that the insured could bind Nationwide by a default judgment taken against the uninsured motorist. The principal difference between Williams and Sawmiller
was that, in Sawmiller, the attorney for the insurance company attended, but did not participate in, the default judgment hearing, thereby confirming that he was on notice of this hearing.
Sawmiller relied upon Motorists Mut. Ins. Co. v.Handlovic (1986), 23 Ohio St.3d 179, 492 N.E.2d 417. InHandlovic, the Supreme Court of Ohio held in the syllabus:
 If an insured, in good faith, prosecutes a lawsuit against an underinsured motorist with the knowledge of the insured's insurance company, generally both the insured and his insurance company are bound by any final judgment rendered as a result of such lawsuit that determines the liability of the underinsured motorist to the insured.
Nationwide cites Wise, supra, an unreported case from the Tenth Appellate District, to argue that it did not have such knowledge of appellees' suit, and hence it cannot now be bound by the default judgment. Nationwide notes that the Franklin County Court of Common Pleas, upon granting its motion for a change in venue, opined that Wise
should control. In Wise, Federal Kemper knew of the suit but did not consent to the suit. Nor did the insured join Federal Kemper as a party to the action. Appellees note the same circuit narrowed Wise in Daines
v. J.C. Penney Cas. Ins. Co. (Aug. 11, 1988), Franklin App. No. 88AP-371, unreported. Daines rejected the joinder argument advanced inWise to find that the insured may bind the insurer where the insured in good faith prosecutes an action against the uninsured motorist with the knowledge of that insurer.
We would refer Nationwide as well to another Tenth Appellate District case, Sword v. Allstate (Nov. 19, 1991), Franklin App. 91AP-377, unreported. In Sword, the insured obtained a default judgment against the uninsured motorist after notifying Allstate of his intended course of action. Allstate denied the claim, based on a clause in its policy which required its written consent to bind the company by any default judgment. The insured brought a declaratory judgment action, seeking to find Allstate bound by the default judgment on the uninsured motorist. While the trial court granted Allstate's motion to dismiss, on appeal the Tenth Appellate District found this to be in error and further foundHandlovic controlling, distinguishing Wise on its facts.
Nationwide argues that a similar contract clause controls here. Appellees believe that Nationwide quotes the clause out of context to support its argument. The record contains the policy of insurance with all attachments; we quote the pertinent clause from the "Uninsured Motorists" title of the policy in its entirety:
RECOVERY
 We will jointly determine with the insured whether:
 a) there is legal right to recover damages; and b) if so the amount of such damages.
 1. If you and we can't agree, the matter will go to arbitration. Any judgment against the uninsured will be binding on us only if it has our written consent.
 2. The limits of coverage as shown in the Declarations are not subject to arbitration. (Emphasis in original.)
Nationwide argues that this clause does not permit the appellees to bind Nationwide to the default judgment against the uninsured motorist because appellees lacked the "written consent" of Nationwide. Appellees argue that this clause refers only to judgments taken as the result of arbitration.
Nationwide cites Bryant v. Clark (1992), 62 Ohio St.3d 485,584 N.E.2d 687, in support of its argument. The Sawmiller court also decided Bryant on the appellate level.[1] In Sawmiller, the Third Appellate District followed their decision in Bryant, and in both these decisions cited Handlovic, to find the insurer bound by the prior default judgment secured by their insured against the uninsured defendant, despite the existence of a policy clause similar to the one in this case. The Nationwide policy in Bryant contained a clause that stated:
 In any uninsured motorists claim, we will jointly determine with the insured or his legal representative whether there is a legal right to recover damages, and if so in what amount. If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration. Any judgment against the uninsured of liability or amount of damages will be binding only if it was obtained with our written consent. Bryant, at 486.
The Supreme Court of Ohio upheld the Third Appellate District's decision in Bryant, stating in their syllabus that, "An insurer that consents to a default judgment in a suit against an uninsured motorist, and does not request arbitration until after that judgment has been entered, has waived its right to submit the issues of liability and damages to arbitration."
In Bryant, the court recognized that the intent of the clause was to allow the insurer to seek arbitration as an alternative to taking a default judgment against the uninsured motorist. The Supreme Court of Ohio, citing Universal Underwriters Ins. Co. v. Shuff (1981),67 Ohio St.2d 172, 423 N.E.2d 417, rejected Nationwide's argument that it could, under the policy, seek arbitration of damages after the insured obtained a default judgment. The court stated:
 Nationwide appears to want it both ways in this instance. If we were to allow arbitration under these circumstances, the insurer could wait while the insured obtained a default judgment, which would bind the insured under Shuff and Handlovic, and then arbitrate only the unfavorable judgments. We recognized the danger of this approach when we stated: "The mere threat of another proceeding would put a powerful tool in the hands of a party whose bargaining power is typically greater." Bryant, at 488. (Citation omitted, emphasis in original.)
In Bryant, Nationwide argued that the intent of the clause was to allow them to seek arbitration even if they consented to the default judgment. The Bryant court found that Nationwide had waived its right to arbitration under the policy. Here, Nationwide argues that the effect of the clause is to prevent the appellees from taking default judgment without the written consent of Nationwide, apart from any demand for arbitration.
Appellees note that they specifically requested Nationwide to arbitrate this matter and take over their suit against Roger Cooper, the uninsured motorist. Nationwide claims that appellees submitted their arbitration demand on March 16, 1994, more than two years after the accident. Nationwide's policy requires policyholders to submit any arbitration demand within two years of the date of the accident. Thus, Nationwide contends that the arbitration demand was too late. However, we note that Nationwide's agent sent a demand for arbitration to the appellees on May 23, 1993, clearly within the two-year period specified by the policy.
Nationwide also raises a new argument in its reply brief, that the arbitration clause is unenforceable. Nationwide represents that the arbitration clause in its policy is similar to an arbitration clause found unenforceable by the Supreme Court of Ohio in Shaefer v. AllstateIns. Co. (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242.
Nationwide cites the unreported case of Nichols v. Grange Mut. Cas.Co. (Dec. 26, 1997), Trumbull App. No. 97-T-0001 [hereinafter NicholsII]. Nationwide argues that Nichols II establishes a two-part test based on Bryant:
 1. Did the insurance company consent to the default judgment?
 2. If so, did the insurance company reserve its right to arbitration prior to the default judgment being entered?
Nationwide argues that they never consented to the default judgment, hence, they cannot be bound by it. We find it instructive to refer to the earlier case of Nichols v. Grange Mut. Cas. Co. (May 17, 1996), Trumbull App. No. 94-T-5111, unreported [hereinafter Nichols I]. In Nichols I, insured and insurer were, as in the case at bar, at odds over the amount of damages due as the result of a collision with an uninsured motorist. With the two-year statutory deadline approaching, Grange insisted Nichols sue the uninsured motorist. Nichols subsequently obtained a default judgment and brought a declaratory judgment action against Grange. The trial court found Nichols could not bind Grange by the default judgment against the uninsured motorist because Grange had not consented to the suit. Nichols appealed, claiming that Grange had consented to the suit and, therefore, became bound by the default judgment, citing Handlovic.
On appeal, the Eleventh Appellate District concluded that Bryant
determined the issue was not one of consent but one of waiver. The court stated that, based on Bryant, "knowledge is no longer the critical factor in determining whether the judgment in the underlying action is binding upon the insurance company." Nichols I The appellate court remanded the matter to the trial court to determine if Grange waived its right to arbitration.
In Nichols II, the policyholder questions the right of the insurer to demand arbitration, claiming the arbitration clause in his policy was a type invalidated by Shaefer. Insurer argued that the insured, by his actions, consented to a new agreement to arbitrate. Again, the appellate court remanded the matter to the trial court to determine this new issue.
We believe Nationwide misses the point, or, perhaps more accurately, seeks to avoid the point made by Bryant. When read as a whole, the intent of Nationwide's policy is clear. We have previously cited above the "Recovery" portion of the "Uninsured Motorists" title of the policy. Under this same title, we find a section entitled "Insured Person's Duties." This section includes the following clauses:
 2) After notice of claim we may require the insured to take legal action against any legal party.
(3) An insured may bring legal action against the other party for bodily injury. A copy of any paper served in this action must be sent to usat once.
(4) The insured must:
(a) obtain our written consent to:
(1) settle any legal action against any liable party; or
(2) release any liable party
(b) preserve and protect our right to subrogate against any liable party.
(Emphasis, and numbering, as in the original.)
Under the "Arbitration" section of the "Uninsured Motorists" title, either party may demand arbitration, but the party must demand arbitration within two years of the accident. After a party files its demand for arbitration, each party to the policy must select an arbitrator, with the two so selected to agree on a third arbitrator within thirty days. If the parties cannot agree on the third arbitrator, either party may request a court to name that third arbitrator.
Taken as a whole, the intent of the policy is clear. Upon the filing of an uninsured motorist claim, Nationwide has three options under the policy:
1. It can settle with its insured.
2. It can demand arbitration, accept the determination of the arbitrators, then attempt to collect from the uninsured motorist under its subrogated claim with its insured. To comply with the policy terms, the insured must then sue the uninsured motorist to protect Nationwide's subrogation rights.
3. It may forego arbitration, require the insured to sue the uninsured motorist, and litigate the claim as a necessary third party to that suit for damages.
Nationwide filed its arbitration demand with the appellees within two years after the accident, on May 23, 1993. At the same time, Nationwide demanded appellees sue the uninsured motorist. However, a year passed and Nationwide neither named their arbitrator nor suggested the name of an independent arbitrator. Appellees named their arbitrator in the letter of March 16, 1994. We conclude, therefore, that Nationwide waived its right to arbitration.
In Kalata v. Motorists Mut. Ins. Co. (June 26, 1995), Stark App. No. 95CA10, unreported, the policy of insurance had a "consent to sue" clause. Faced With the expiration of the statute of limitations on her bodily injury claim against the uninsured motorist, Kalata sued and demanded arbitration of her claim with Motorists. Motorists, although notified of the suit, never participated in the action against the uninsured motorist. Kalata obtained a default judgment of $80,000 against the uninsured motorist. At that point, Motorists demanded arbitration and denied that Kalata could bind it to the default judgment. Kalata sued Motorists for breach of contract, winning her claim. On appeal, Motorists argued that the policy clause must prevail. Since Kalata had sued without its consent, the insurer argued, Kalata could not bind Motorists by the default judgment.
The Fifth Appellate District upheld the trial court, finding that, while Bryant permitted such a "consent" clause, Motorists had waived its rights under that clause. A second clause in the Motorists policy required Kalata to protect Motorists' subrogation rights, as in the casesub judice. Hence, Kalata sued the uninsured motorist, as she was required to do, to preserve Motorists' subrogation rights and avoid a breach under the policy. Since Motorists had knowledge of the suit and failed to either defend the uninsured motorist or to intervene and protect its interests, it further waived application of the "consent" clause. The default judgment bound Motorists because it did not demand arbitration until after the trial court granted default judgment in favor of their insured. See Bryant, supra.
In the case at bar, Nationwide argues in its reply brief that the arbitration clause in their policy is of no importance now, for it was rendered invalid by the 1992 decision in Shaefer, supra. They insist that the "consent to judgment" clause of the policy must be enforced separately. We think not.
We find that the "consent clause" in Nationwide's policy is intended to preserve Nationwide's right to seek arbitration before appellees obtain a default judgment against the uninsured motorist. If Nationwide waived its right to arbitrate before the court granted the default judgment, the "consent clause" no longer had any effect. If the arbitration clause is invalid under Shaefer, the "consent clause" would also no longer be valid. Only if the parties reached a new, separate agreement to arbitrate would this clause remain viable. See Nichols II, supra. No such new agreement to arbitrate between the parties herein, independent of that contained in the Nationwide policy with appellees, can be said to exist in the case sub judice.
In Moczulski v. Westfield Ins. (Feb. 23, 1995) Cuyahoga App. No. 66868. unreported, Moczulski sued the uninsured motorist. Before a default judgment hearing was concluded, Westfield demanded arbitration. Believing the policy required him to arbitrate, Moczulski consented to arbitration. The Westfield policy had a clause limiting the award of the arbitrators to the minimum amount required by R.C. 3937.18, a clause very similar to that found invalid in Schaefer. Hence, the arbitrators awarded Moczulski $7,500, an amount less than his accrued medical expenses. Moczulski appealed from the decision of the trial court reducing the arbitrators' decision to judgment for $7,500.
Westfield argued that even if the policy clause was invalid, Moczulski consented to arbitration. The Eighth Appellate District found that any consent by Moczulski to arbitration was involuntary. Westfield could not require Moczulski to arbitrate under the invalid clause in the policy. Since Westfield failed to advise Moczulski that the arbitration clause was invalid, it could not now argue Moczulski consented to arbitration. Hence, Moczulski was deemed free to pursue resolution of his claim in the courts, and that the arbitrators' award, which the trial court had reduced to judgment, was not binding on Moczulski and was of no force and effect.
We will assume that Nationwide's evaluation of its own policy correctly determines the arbitration clause invalid under Shaefer. We find no evidence that Nationwide raised this issue with the appellees before this appeal. Since the intent of the consent clause was to preserve arbitration rights, the invalidity of the arbitration section of the policy renders this clause moot. We find no evidence of a new agreement by the appellees to arbitrate. Hence, appellees were free to pursue resolution of their claims in court and to take default judgment against the uninsured motorist.
 III
Finally, Nationwide argues that it was not a party to appellees' suit against Roger Cooper and had no notice of the motion for default judgment. Therefore, it argues, the doctrine of res judicata should not apply to appellees' claim against Nationwide as a result of the appellees' default judgment against Roger Cooper. Appellees' counsel mailed Nationwide's counsel a copy of the second complaint filed against Roger Cooper, the uninsured motorist. Nationwide's counsel filed an answer to the complaint on behalf of Mr. Cooper. The same counsel subsequently filed a motion to withdraw that answer, filed in the name of Nationwide. In that motion to withdraw, Nationwide acknowledged that it was aware of appellees' uninsured claims against Nationwide based on this same incident. Finally, after the default judgment, Nationwide sought to intervene in that same action, informing the court that it had been "monitoring" the course of that lawsuit.
If Nationwide knew of the action against Roger Cooper, but failed to appear and defend its interest, the doctrine of res judicata applies. A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them. Norwood v. McDonald (1943),142 Ohio St. 299, 52 N.E.2d 67, paragraph one of the syllabus. A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.
We conclude that Nationwide knew of the action against Cooper but failed to appear and defend its interests. Appellees satisfied their duty under the policy when they notified Nationwide's counsel of the pending action. Such notice would have been sufficient to alert Nationwide even if received from other sources. See Patterson v. Tice (1993),91 Ohio App.3d 414, 632 N.E.2d 962 (notice of pending suit sent by opposing counsel to possible insurer). Whether Nationwide chose to defend its interests by representing Cooper, by appearing on its own behalf, or otherwise, once appellees sued uninsured motorist Cooper and notified Nationwide of that action, the appellees owed no further duty to Nationwide. As Nationwide concedes, the interests of the insured and insurer were then adverse. See Williams and Bertolo, supra.
Where the party was on notice of the litigation, the failure of a subrogated insurer to defend its interests in the initial action against an uninsured motorist precludes litigation of its claims in a second action. See City of Parkersburg v. Merew (Apr. 14, 1997), Washington App. No. 96CA31, unreported, citing John Hancock Mut. Life Ins. Co. v.Bird (1990), 69 Ohio App.3d 206, 590 N.E.2d 336. Hence, the trial court in the case at bar correctly refused to allow Nationwide to relitigate any defenses it might have raised against the appellees' claims in the original action against the uninsured motorist. Since the decision rendered in the court below determined there were no genuine issues of material fact before the trial court, that court correctly granted summary judgment to the appellees.
 IV
We will now summarize our discussion of the issues and apply the analysis separately to each of Nationwide's two assignments of error. An insurance policy is a contract between the insurer and the insured. OhioFarmers Ins. v. Cochran (1922), 104 Ohio St. 427, 135 N.E. 537. It is well-settled law in Ohio that insurance policies should be construed liberally in favor of the insured. Blue Cross Blue Shield Mut. of Ohiov. Hrenko (1995), 72 Ohio St.3d 120, 122, 647 N.E.2d 1358, 1360, citingYeager v. Pacific Mut. Life Ins. Co. (1956), 166 Ohio St. 71,139 N.E.2d 48, paragraph one of the syllabus.
"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverag, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 84,89, 545 N.E.2d 83, 88.
The appellees obtained a default judgment for bodily injuries caused by negligence of Roger Cooper, an uninsured motorist. The appellees brought a declaratory judgment action to establish that the uninsured motorist provisions in their policy of insurance with Nationwide provided coverage for this claim. They sought summary judgment, arguing that there was no genuine issue of material fact to prevent a finding that Nationwide was liable under the policy.
Nationwide's First Assignment of Error claims the trial court erred in granting appellees' summary judgment motion. "The burden of showing that no genuine issue exists as to any material facts falls upon the moving party in requesting a summary judgment." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. the movant has the initial burden of informing the trial court of the basis of it motion and to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. A motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.
Nationwide paid the medical expenses of the appellees and never disputed that the policy covered this accident. Nationwide does not dispute that Roger Cooper was an uninsured motorist. Nor does Nationwide argue that the judgment obtained by appellees exceeded the policy limits.
Nationwide did claim, however, that the appellees breached the policy by disregarding policy language requiring Nationwide's consent to the default judgment. We have determined that this "consent clause" protected Nationwide's arbitration rights under the contract. We have also determined that Nationwide waived its right to arbitration prior to the default judgment and that it may not seek arbitration once the appellees reduced their claim to judgment. Bryant.
Nationwide conceded that the arbitration clause in the policy was invalid under Shaefer, supra. Nationwide, therefore, could not compel the appellees to arbitrate, and they were free to resolve their claims in court. Nor did Nationwide establish that the appellees entered into a new agreement to arbitrate. Moczulski Nationwide is bound by the default judgment against the uninsured motorist. Handlovic.
Since Nationwide failed to present sufficient evidence to support its claim that the appellees breached the policy, no genuine issue of material fact existed. Therefore, the trial court properly granted summary judgment in favor of appellees. Dresher, supra
Accordingly, Nationwide's First Assignment of Error is OVERRULED.
 V
In response to the appellee's motion for summary judgment, Nationwide filed a counterclaim seeking a new trial on the issues of damages and moved for summary judgment on its counterclaim.
Nationwide requested that the appellees sue the uninsured motorist, Roger Cooper. and the appellees did so, as they were required to do, to protect Nationwide's subrogation rights under the policy. See Kalata. Nationwide was aware of, and briefly participated in, the suit against Roger Cooper. See Sawmiller and Sword, supra. The default judgment binds the appellees. Shuff Since the appellees prosecuted this lawsuit against Roger Cooper in good faith and with the knowledge of the insurer, the default judgment binds Nationwide. Handlovic.
Therefore, the issues litigated in the suit against Roger Cooper areres judicata. Norwood and Grava, supra, and cannot be relitigated in the declaratory judgment action. Merew.
The general purpose of mandatory uninsured motorist coverage is to place an injured policyholder in the same position he would have been in if the tortfeasor had carried liability insurance. Sexton v. State FarmMut. Auto. Ins. Co. (1982), 69 Ohio St.2d 431, 436, 433 N.E.2d 555, 559. The trial court properly found the appellees had not breached the insurance policy by taking a default judgment against the uninsured motorist, and that the policy covered these claims. Therefore, we have found no error in the trial court's grant of a summary judgment to the appellees.
The appellees claim that Nationwide had notice of the suit against Roger Cooper, the uninsured motorist, and indeed participated in that suit. Hence, the default judgment is res judicata as to Nationwide.
"An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." (Emphasis in original.) National Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, quotingRogers v. Whitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387. Nationwide failed to establish that the appellees breached the policy of insurance when they took the default judgment against the uninsured motorist. Nationwide also failed to establish any operative set of facts that would relieve it from the operation of the doctrine of res judicata as to this judgment. Nationwide's counterclaim fails to establish any claim for which relief might be granted.
We therefore, OVERRULE Nationwide's Second Assignment of Error.
Accordingly, having found no error below, we AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellant their costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.
 _____________________ David T. Evans, Judge
[1] Bryant v. Clark (Nov. 1, 1990), Allen App. No. 1-89-54, unreported.