AMIR–TAHMASSEB, Appellee,

v.

REYES et al.; Nationwide Mutual Insurance Company, Appellant.

[Cite as *Amir–Tahmasseb v. Reyes,* 162 Ohio App.3d 44, 2005-Ohio-3456.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–043

Decided June 30, 2005.

Kirk W. Liederbach, for appellee.

Kirk E. Roman, for appellant.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} This appeal is taken from a final order of the Lake County Court of Common Pleas. Appellant, Nationwide Mutual Insurance Company ("Nationwide"), seeks a reversal of the trial court's decision awarding summary judgment in favor of appellee, Shouresh Amir–Tahmasseb. We affirm.

{¶ 2} Appellee was involved in a motor vehicle accident with defendant Fernando Reyes. Reyes did not have insurance, but appellee was insured by Nationwide pursuant to a policy of automobile insurance. The Nationwide policy included underinsured-motorist coverage. Appellee attempted to negotiate with his insurer for coverage as it related to his uninsured-motorist claim.

{¶ 3} The damage-recovery section for the uninsured-motorist coverage of the Nationwide policy states:

{¶ 4} "Recovery

{¶ 5} "1. Before recovery, we and the insured must agree on two points:

{¶ 6} "a) whether there is legal right to recover damages from the owner or driver of an uninsured motor vehicle; and if so,

{¶ 7} "b) the amount of such damages.

{¶ 8} "If agreement can't be reached, the matter may go to arbitration.

{¶ 9} "2. Questions between the injured party and us regarding such person's entitlement to Uninsured Motorists Coverage, or the limits of such coverage, are not subject to arbitration and shall be decided by a court of law.

{¶ 10} "3. Any judgments against the uninsured will be binding on us only if it has our written consent."

{¶ 11} After some discussion, the parties were unable to agree on the amount of damages to which appellee was entitled. Appellee subsequently sought judicial resolution of the matter.

{¶ 12} On June 13, 2001, appellee filed his complaint against uninsured defendants Fernando Reyes and Marie Reyes. The complaint alleged that Fernando Reyes had negligently driven a motor vehicle and collided with appellant's vehicle; the complaint also alleged that Marie Reyes had negligently entrusted her vehicle to defendant Fernando Reyes.

{¶ 13} On August 17, 2001, defendant Marie Reyes was dismissed from this action without prejudice. On the same date, Nationwide filed a motion to intervene, arguing that "plaintiff may attempt to obtain a judgment against Defendants and impose that judgment against Nationwide, or bind Nationwide to

that judgment." The motion was granted on August 23, 2001, and Nationwide was ordered to file its complaint within seven days of that date.

{¶ 14} A day earlier, on August 22, 2001, appellee had filed a motion for default judgment against defendant Fernando Reyes. On September 7, 2001, Nationwide filed its brief in opposition to appellee's motion for default judgment, arguing that the consent-to-judgment clause within the policy required Nationwide's consent before it could be bound by a default judgment rendered against an uninsured motorist.

{¶ 15} On May 10, 2002, after numerous supplemental pleadings, the trial court granted appellee's motion for default judgment against Fernando Reyes and awarded judgment in the amount of $3,603.53.

{¶ 16} On October 4, 2002, appellee filed his motion for summary judgment against Nationwide. In his motion, appellee noted that default judgment against Reyes was proper and final with respect to both liability and damages. Appellee further contended that the default judgment was binding upon Nationwide.

{¶ 17} In response, Nationwide argued that while the default judgment was valid against Reyes, it could not operate to bind Nationwide. Nationwide asserted that it had not consented to be bound by the judgment against the uninsured motorist. Thus, pursuant to the language of the contract, it argued, any such judgment would be a nullity as it pertained to Nationwide.

{¶ 18} On February 9, 2004, the trial court granted appellee's motion for summary judgment, determining, irrespective of the consent-to-judgment language in the policy, that Nationwide was bound by the default judgment against Reyes. Specifically, the trial court determined that if:

{¶ 19} "1. An automobile liability insurance policy provides uninsured motorist coverage to the policyholder, and

{¶ 20} "2. The policy contains a consent-to-judgment clause and an arbitration clause that permits, but does not require, the parties to agree to arbitrate disagreements about whether there is a legal right to recover or about the amount of damages, and

{¶ 21} "3. The policyholder attempts to negotiate with the insurer prior to filing suit against the uninsured tortfeasor, and

{¶ 22} "4. During those negotiations, the insurer informs the policyholder that it will not consent to any judgment that may result from the policyholder's litigation against the uninsured tortfeasor, and

{¶ 23} "5. The policyholder sues the uninsured tortfeasor, and

{¶ 24} "6. The insurer intervenes in the lawsuit against the uninsured tortfeasor, has a full opportunity to protect its interest, and files a brief in opposition to

the plaintiff policyholder's motion for default judgment against the uninsured tortfeasor, and

{¶ 25} "7. The insurer does nothing—prior to the court's rendering of the default judgment against the uninsured tortfeasor—to indicate that it intends to pursue whatever rights or privileges [1] it has to arbitrate the plaintiff's right to recover, or the amount of damages,

{¶ 26} "8. Then the insurer is bound by the default judgment."

{¶ 27} Nationwide now appeals and raises the following assignment of error:

{¶ 28} "The trial court erred in granting plaintiff-appellee's motion for summary judgment and thereby binding defendant-appellant to the default judgment against the tortfeasor/defendant Fernando Reyes, because defendant-appellant did not provide written (or oral) consent to be bound as its policy required."

{¶ 29} The propriety of awarding summary judgment hinges upon the following tripartite demonstration: First, that there is no genuine issue of material fact; next, that the moving party is entitled to judgment as a matter of law; and, finally, that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in her favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 30} With this in mind, the current appeal focuses upon the meaning and interpretation of the recovery provision set forth in uninsured-motorist coverage of the Nationwide policy. It is well settled that the interpretation of an insurance contract is a matter of law. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Unlike factual questions, which are given great deference, questions of law are reviewed de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.

{¶ 31} Under its sole assignment of error, Nationwide underscores that pursuant to its policy, any judgment against an uninsured motorist is not binding upon Nationwide without its written consent. Nationwide did not provide written consent and, in fact, objected to being bound by the default judgment against the uninsured motorist.

{¶ 32} Nationwide notes that a consent clause in an insurance contract is valid and enforceable absent waiver. *Bryant v. Clark* (1992), 62 Ohio St.3d 485, 487, 584 N.E.2d 687. Nationwide maintains that it did not waive its right to consent

---

1. As we will discuss below, even had it indicated such an intent, the trial court likely did not have to defer to that intent because the policy did not require mandatory arbitration.

to any judgment and has consistently provided written notice of its desire not to be bound by the judgment against the uninsured motorist.

{¶ 33} Nationwide initially draws our attention to this court's previous decisions in *Nichols v. Grange Mut. Cas. Co.* (May 17, 1996), 11th Dist. No. 94–T–5111, 1996 Ohio App. LEXIS 2004 (*"Nichols I"*), and *Nichols v. Grange Mut. Cas. Co.* (Dec. 26, 1997), 11th Dist. No. 97–T–0001, 1997 WL 801298, 1997 Ohio App. LEXIS 5977 (*"Nichols II"*). Nationwide contends that the *Nichols* cases require the insurer to consent to be bound by a default judgment. Therefore, Nationwide contends, because it expressly and repeatedly refused to be bound by the default judgment, the judgment entered against Reyes was not binding on it.

{¶ 34} While *Nichols I* and *II* examined the conditions under which a default judgment would be binding on an insurer when the policy, like the current policy, contains competing[2] consent and arbitration clauses, we do not believe that *Nichols I* and *II* provide sound analogies to the current matter.

{¶ 35} That is, the policy on which the *Nichols* appeals were based included a mandatory arbitration provision governing *all* disputes, i.e., the parties to the contract had a stipulated right and concomitant duty to submit to arbitration. As indicated above, the policy in the instant matter permits but does not require arbitration, i.e., the parties in the current matter had neither a right nor a duty to submit to arbitration. This is a material difference for purposes of our analysis because the holdings of both *Nichols* cases presuppose policy language wherein the insurer has a *right* to arbitrate the dispute. The current policy affords neither the insurer nor the insured a right to arbitrate.

{¶ 36} Rather, the current policy unequivocally sets forth the initial criteria for recovery; to wit, before the insured can recover on an uninsured-motorist claim, both parties must agree (1) on "whether there is a legal right to recover damages from the owner or driver of the uninsured motor vehicle" and (2) on "the amount of such damages."

---

2. In *Nichols II*, we stated that a certain disharmony often exists between a consent clause and an arbitration clause "in the context of the taking of a default judgment against the uninsured motorist. The insurance company may have initially consented to the filing of the cause of action against the uninsured motorist with the anticipation that the issues of liability and damages would actually be litigated. However, if the insured obtained a default judgment against the uninsured motorist, the insurance company might balk because of the amount of the default judgment. If this happened, the insurance company would point to the presence of the arbitration clause as support for its position that the matter was still subject to arbitration. By contrast, the insured would argue that the existence of the consent clause contractually bound the insurance company to pay the default judgment." Id., 1997 WL 801298, at *2, 1997 Ohio App. LEXIS 5977, at *5–6.

{¶ 37} Where no agreement can be reached, the policy provides that "the matter *may* go to arbitration." (Emphasis added). The language used in the policy indicates that the arbitration clause is permissive and noncompulsory.

{¶ 38} The policy next provides that any questions "between the injured party and us regarding such person's entitlement to uninsured motorist coverage or the limits of such coverage are not subject to arbitration and shall be decided by a court of law." Finally, the policy provides: "Any judgment against the uninsured will be binding on us only if it has our written consent."

{¶ 39} The record provides no indication that either party desired to arbitrate the issues of fault and damages. Even if such a desire was manifest, it is unclear whether it would have any effect on the outcome of the case because the policy permitted, but did not require, arbitration; however, such questions are beyond the scope of the instant appeal. Because the parties disagreed on fundamental issues of damages and because arbitration was not mandatory, appellee was constrained to pursue litigation as a means of vindicating his claims. Nationwide *did* expressly object to being bound by any judgment obtained against the uninsured motorist; however, under the circumstances of this case, we believe that the consent clause in the policy was waived and Nationwide's assertion was inconsequential. An explication of our position requires an examination of the interplay between consent clauses and arbitration clauses.

{¶ 40} In *Nichols I,* we noted in dicta that "the purpose of a consent clause is to ensure that the company is kept informed of the status of the underlying litigation." Id. at 9. Where an insured is privy to and, in fact, a party to the underlying litigation, the consent clause would be superfluous. That is, if an insurer is independently involved in the litigation, its rights and interest are fully protected. By its participation, it is necessarily "informed of the status of the underlying litigation."

{¶ 41} Further, the practical upshot of a consent clause is to permit an insurer to seek arbitration *as an alternative* to taking a default judgment against the uninsured motorist. See *Ross v. Nationwide Mut. Ins. Co.* (Sept. 19, 2000), 4th Dist. No. 98CA2621, 2000 WL 1573082, at *5, 2000 Ohio App. LEXIS 4373, at *13; see, also, *Bryant,* supra, 62 Ohio St.3d 485, 584 N.E.2d 687. In this respect, the purpose of a consent clause is prophylactic: to protect the insurer's interest in resolving a recovery dispute through arbitration. Where an insured does not pursue arbitration or, perhaps more important, where the parties have no right or duty to arbitrate, it would follow that it simultaneously waives its right to deny consent. See id., generally.

{¶ 42} While consent clauses are generally valid absent waiver, their function must be understood in terms of the context of the contract in which they occur.

Here, the consent clause relates to the recovery of damages resulting from a collision with an uninsured motorist. The insurance contract permits the use of arbitration to resolve issues surrounding an insured's right to recovery and the amount to which the insured is entitled. Because arbitration is not compulsory, appellee was entitled to pursue resolution of these (and related) issues through the courts. Pursuant to our analysis above, an integrated interpretation of the policy indicates that Nationwide's failure to affirmatively include a mandatory arbitration provision (and use it) nullified its right to deny the binding effect of the default judgment in question via waiver. Nationwide had no contractual rights or asserted interests that would be compromised by judicial resolution of the amount of damages to which appellee is entitled. With no apparent or asserted interests to protect, Nationwide is using the consent clause not as a shield, but as a sword to delay the legitimate recovery process.

■ {¶ 43} As the foregoing suggests, without a requirement for arbitration, a consent clause may be hostile to the effective resolution of claims. Where arbitration is not mandatory, consent clauses could be used to stonewall and delay matters that could be resolved with both alacrity and efficiency. Affording the insurer carte blanche to deny the binding effect of a default judgment where it has reserved no right in its policy to arbitrate gives the insurer the power to object, without justification, to the binding effect of a valid judgment whenever it feels like it. Such a provision is unconscionable and turns Nationwide's obligation under the contract into an illusory promise, i.e. Nationwide's obligation to pay its insured under the policy is optional and subject to its random velleities. Such unchecked authority could be used arbitrarily and would put a powerful tool in the hands of a party whose bargaining power and resources are almost invariably greater than that of the insured. See, *Bryant*, 62 Ohio St.3d at 488, 584 N.E.2d 687.

{¶ 44} Under the circumstances, Nationwide expressly agreed in the policy to be bound upon the occurrence of certain contingencies. That is, Nationwide expressly agreed to pay upon the determination of whether and to what extent appellee is legally entitled to recover from the uninsured motorists. Here, there is no issue whether appellee was covered under the contract, and the default judgment sets forth the damages to which appellee is entitled. Further, Nationwide did not reserve a right to arbitrate issues pertaining to uninsured-motorist coverage under its policy. Without the right to arbitrate, Nationwide could not compel arbitration in lieu of judicial resolution.

■ {¶ 45} We believe that Nationwide had a contractual duty to provide appellee with uninsured-motorist coverage and, because it had no right to arbitrate the matter, it is bound by the default judgment entered against Reyes. See, generally, *Bryant*, 62 Ohio St.3d 485, 584 N.E.2d 687; see, also, *Nichols I*, at

12. In sum, we hold that Nationwide waived its right to deny consent to the binding effect of the default judgment rendered against the uninsured tortfeasor because it did not afford itself the right to arbitrate under the contract in question.

{¶ 46} For the foregoing reasons, Nationwide's sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

FORD, P.J., and GRENDELL, J., concur.