2013 OK CIV APP 62

**GREEN TREE SERVICING, LLC, Plaintiff/Appellant,**

v.

**Kyle R. HILL and Lisa Hill, Defendants/Appellees.**

**No. 109,946.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 22, 2013.

Rehearing Denied April 19, 2013.

Certiorari Denied June 24, 2013.

Jeffrey C. Baum, Randy Lewin, Mary Elizabeth Nesser, Richards & Connor, Tulsa, Oklahoma, for Plaintiff/Appellant.

James L. Menzer, Menzer Law Offices, P.C., Blackwell, Oklahoma, for Defendants/Appellees.

P. THOMAS THORNBRUGH, Presiding Judge.

¶1 Green Tree Servicing, LLC (Green Tree), appeals the district court's denial of its motion to compel arbitration. On review, we affirm the decision of the district court.

## BACKGROUND

¶2 In November 1998, Green Tree and Defendant Kyle R. Hill (Hill) entered into a retail installment contract and security agreement concerning the purchase of a manufactured home. Hill executed a note for $25,986, the purchase price of the home, bearing 13.25% interest per year. In July 2005, Green Tree filed to foreclose, stating that Hill still owed $26,908 on the note, and had missed the May 2005 payment. Green Tree's petition requested judgment against Hill.

¶3 On September 5, 2005, the district court granted default judgment against Hill in the amount of $26,908, plus $1,000 in attorney fees. The judgment granted Green Tree the right to repossess and sell the home. However, the pleadings here (filed subsequent to the 2005 judgment) allege that Green Tree and Hill reached an accord and continued with a "new" or "revised" loan agreement. Green Tree took no action to vacate, renew, collect, or enforce the 2005 judgment it had obtained.

¶4 On April 1, 2011, Green Tree filed suit against Hill a second time on the same note, alleging that Hill missed payments between January and April 2011. This time, Green Tree sought a judgment for $28,714 and the right to possess and sell the home.[1] Hill responded with a defense that Green Tree had already obtained judgment on the note six years previously, and had allowed that judgment to expire. Hill also stated a "counterclaim" seeking a decision that the prior judgment had expired, and seeking a release of any lien on the collateral.

¶5 On May 26, 2011, Green Tree filed a reply to Hill's counterclaim arguing that an arbitration provision required the parties to arbitrate both the effect of the 2005 judgment and any counterclaim, and asked the court to stay litigation and order arbitration. The district court denied this request. Green Tree now appeals.

---

1. Green Tree alleged Hill's co-defendant, Lisa Hill, was an occupant of the manufactured home.

## STANDARD OF REVIEW

¶ 6 "The question as to the existence of valid enforceable agreements to arbitrate ... is a question of law to be reviewed by a *de novo* standard, without deference to the lower court." *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶ 19, 160 P.3d 936, 944.

## ANALYSIS

▆▆▆ ¶ 7 The district court did not state the basis of its refusal to order arbitration. However, the rationale is not important because a correct result arising from the district court's judgment will stand, even though it is reached through incorrect reasoning. *See G.A. Mosites Co. of Fort Worth, Inc. v. Aetna Cas. & Sur. Co.*, 1976 OK 7, 545 P.2d 746. Oklahoma law provides only two common bases for a court to deny arbitration: (1) the dispute is not one the parties agreed to arbitrate, or (2) the arbitration right was waived. The arbitration clause in question reads in part:

> The parties understand that they have a right to litigate in district court, but that they prefer to resolve their disputes through arbitration, except as provided herein. ... The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. ...
>
> Notwithstanding anything hereunto the contrary, [Green Tree] retain[s] an option to use judicial (filing a lawsuit) or nonjudicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement

shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

This agreement would clearly require arbitration of the dispute absent the questions raised by the prior judgment and new agreement. However, Oklahoma recognizes that the litigation conduct of the parties may constitute a waiver of the contractual right to arbitrate, and we find the prior judgment may implicate the waiver doctrine.

## I. WAIVER

▆▆▆ ¶ 8 Under both the Federal and Oklahoma Arbitration Acts, 9 U.S.C. §§ 1–16 (West 2013) and 12 O.S.2011 §§ 1851–1881, respectively, there is a strong presumption in favor of arbitration. *Northland Ins. Co. v. Kellogg*, 1995 OK CIV APP 84, ¶ 6, 897 P.2d 1161, 1162. Nonetheless, a party may waive its contractual right to arbitration. In deciding whether the arbitration right was waived, the court examines factors such as:

1. whether the party's actions are inconsistent with the right to arbitrate;

2. whether the 'litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate;

3. whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;

4. whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;

5. 'whether important intervening steps [e.g. taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and [2]

6. whether the delay 'affected, misled, or prejudiced' the opposing party.

---

**2.** In *Willco Enterprises, LLC v. Woodruff*, 2010 OK CIV APP 18, ¶ 19, 231 P.3d 767, 773–74, this Court concluded that part of this fifth factor-the use of discovery procedures-is no longer relevant to the waiver analysis because arbitrators now have broader discovery-related powers than at the time *Towe Hester* was decided.

*Towe Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.*, 1997 OK CIV APP 58, ¶ 24, 947 P.2d 594, 599 (quoting *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir.1994)).

¶ 9 In this case, Green Tree *has already sued Hill, and obtained a final judgment on the note.* Having proceeded through the courts of Oklahoma beyond the stage of obtaining judgment, Green Tree now seeks to invoke the contractual arbitration right in order to have an arbitrator decide the effect of this prior judgment.

¶ 10 There is little case law in Oklahoma discussing how far a party may proceed in the litigation process before waiving the right to remove itself and arbitrate the dispute instead. We find no case paralleling the highly unusual facts in this case. On one hand, the duration of the initial litigation was short, a petition seeking judgment, followed by a default journal entry of judgment, raising questions as to whether the parties were "substantially involved" in litigation and the parties "were well into preparation of a lawsuit." On the other hand, Green Tree has already proceeded entirely through the litigation process to a final judgment, a station well beyond "preparation" or invoking arbitration on the eve of trial. The courts of other states do not appear to have directly addressed this question of attempting to arbitrate the enforcement of a note *after* a valid final judgment granting enforcement.

¶ 11 *Bryant v. Clark*, 62 Ohio St.3d 485, 584 N.E.2d 687, 689–90 (1992), notes that arbitration of issues after a jury verdict did not serve "the purposes of arbitration-judicial economy and fairness...." *Bryant*, in turn, cited *Universal Underwriters Insurance Co. v. Shuff*, 67 Ohio St.2d 172, 423 N.E.2d 417 (1981), for the principle that, if a jury returned a verdict against the insured, then the insured could not request arbitration to reopen the issue decided by the verdict. The default judgment of the district court in the current case, if not challenged on jurisdictional grounds, is final, and has the same status as a jury verdict.

¶ 12 Other states have drawn lines at points somewhere before a final judgment occurs. In *Otis Housing Association v. Ha*, 165 Wash.2d 582, 201 P.3d 309 (2009), a housing association waived its right to arbitrate the issue of whether an option to purchase had been properly exercised by filing for arbitration only after litigating the same issue. *Woodall v. Green Tree Financial Servicing Corp.*, 755 So.2d 681 (Fla.Dist.Ct.App. 1999), held that filing a motion for summary judgment on the merits and affidavits on the facts operated as a waiver of a party's right to arbitrate. As stated in *Saga Communications of New England, Inc. v. Voornas*, 756 A.2d 954 (Me.2000):

> The relevant question is whether the parties have litigated "substantial issues going to the merits" of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration.

*Id.* at 959 (citing federal authority including *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir.1999); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2nd Cir. 1985); and *Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 463 (2nd Cir.1985)).

¶ 13 Green Tree had the contractual right to invoke arbitration in 2005 when it first filed suit on the note, but made no attempt to invoke the arbitration clause until six years after it obtained judgment against Hill. The pleadings contain no allegation that the 2005 judgment was made without jurisdiction. The time to challenge on other grounds has long since passed. We find that Green Tree has waived its right to arbitrate pursuant to the original loan agreement by obtaining a final judgment on that agreement in the district court.

## II. "NEW CONTRACT" OR "ACCORD"

¶ 14 Green Tree argues that it allowed the judgment it obtained against Hill in 2005 to remain for six years without action because it reached a post-judgment accord or new agreement with Hill, and continued the loan on new terms.[3] Green Tree argues that

---

**3.** Green Tree does not explain why the *same counsel* filed again for judgment in 2011 without informing the court of these facts.

Hill's interposition of the 2005 judgment as a defense to enforcement, or his request for judgment that has no further obligation to Green Tree, questions the basis or existence of either the original or "new" loan agreement. Green Tree argues that the existence of a contract in general is *always* a matter for arbitration pursuant to *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006).[4]

█ ¶ 15 We already have determined that Green Tree waived its right to arbitrate pursuant to the original loan agreement. Only if the "new" or "modified" agreement granted a *second, revitalized right to arbitrate* is its argument effective. The initial burden of showing an agreement to arbitrate lies with the party seeking to compel arbitration. *See Thompson v. Bar–S Foods Co.,* 2007 OK 75, ¶ 30, 174 P.3d 567, 577; *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 8, 138 P.3d 826, 836 (Kauger, J., dissenting to denial of rehearing). We are provided with no copy of a new or modified loan agreement. The fact of a modified or new agreement is raised only *by statement of counsel and the apparent conduct of the parties.* In the absence of a new written express contract, we may presume an implied contract from the conduct of the parties. *See* 15 O.S.2011 § 133. However, we find no evidence that any post-judgment oral agreement or implied contract included a new arbitration right. Green Tree has waived its right to arbitrate disputes arising from the original agreement, and provides no evidence of an agreement to arbitrate any new or revised post-judgment agreement. Consequently, any effect of the prior judgment on a "new" or "revised" agreement is not arbitrable. We therefore affirm the judgment of the district court.

## CONCLUSION

¶ 16 We conclude that, by obtaining a final judgment enforcing the note in question,

Green Tree waived its right to arbitrate pursuant to the original agreement. We conclude that no new agreement to arbitrate post-judgment is shown by the record. Therefore, we affirm the district court's decision to deny arbitration. We make no comment on the underlying issues of the effect of the 2005 judgment, or any new or extended agreement post-judgment.

¶ 17 AFFIRMED.

GOODMAN, J., concurs, and RAPP, J., concurs specially.

RAPP, J., specially concurring.

I concur specially to state that the original note and contract merged into the judgment. Thus, Green Tree's failure to renew the judgment for a period in excess of five (5) years rendered the judgment dormant, unenforceable and of no effect. 12 O.S.2011 § 735.

---

4. *Buckeye Check Cashing* deals with the issue of whether a party can force arbitration pursuant to a contract when the contract is illegal pursuant to state law and hence void *ab initio* in the state where arbitration was sought. 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). In line with its prior expansive readings of the Federal Arbitration Act, the Supreme Court held that an arbitration clause is severable even if the subject of the contract is illegal as a matter of law, and hence the sovereign courts of the state of Florida had no right to enforce Florida's law in the matter. *Id.*